# Edwards, Admr'x., *et al. v.* Rogers.

*Bill for Redemption of Land and for Specific Performance of Parol Contract.*

1. *Verbal agreement for redemption of land sold at register's sale; what evidence sufficient to establish.*—Whether a verbal agreement between the complainant in a chancery decree and a third person, to the effect that the latter shall become the purchaser at the register's sale under the decree, and hold the land as security for the money advanced by him until repaid is within the statute of frauds, is not decided; but, regarding the judicial sale as the means adopted by the parties to pass the title, and considering the conveyance as if executed by the complainant himself, the *onus* rests on him, seeking to enforce the agreement and to redeem, to overcome the presumption arising from the face of the deed, by evidence which would be sufficient to establish a resulting trust, or to refer to a written instrument.

2. *Same; when declarations of deceased grantee sufficient.*—The declarations of the deceased grantee in such case, admitting the verbal agree-

[Edwards, Admr'x, et al. v. Rogers.]

ment, would be competent evidence against his heirs and personal representative, but should not be made the basis of a decree, unless clear and consistent in themselves, and with the other facts proved, or corroborated by circumstances; and the admissions proved in this case, which the court states in connection with the countervailing evidence, do not meet the requirements of the rule.

3. *Variance; when fatal.*—Where the bill alleges an agreement to advance a specified sum of money, as security for which the land was to be held by the grantee, and offers to refund that amount after proper credits have been deducted, while the proof shows an agreement to advance a much larger amount and its actual payment, the variance is fatal.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. N. S. GRAHAM.

The facts are stated in the opinion.

GEORGE P. HARRISON, JR., for appellant.—When a trust rests upon an agreement, the agreement must be in writing and signed by the party creating or declaring the trust.—Code of 1876, § 2199; *Patton v. Beecher* 62 Ala. 579. A resulting trust is founded on the equitable, principle, that the beneficial ownership follows the consideration and results to the party from whom the consideration moves.—Central Law Journal, Vol. 22, 393; *Lehman, et al. v. Lewis*, 62 Ala. 129 ; *Smith v. Burnham*, 2 Sum., 435 ; *Fowke v. Slaughter*, 3 A, R. Marshall, 56 ; *Blodgett v. Hildreth*, 103 Mass. 484 ; *Preston et al. v. Stetson et al.*, 58 Ala. 84; *Bibb v. Hunter*, — Ala., in MSS. ; Perry on Trusts, Sec's 133-5, 137 ; *Tilford v. Tony*, 53 Ala. 122 ; *Kisler v. Kisler*, 2 Watts, 323; *McDonald v. May*, 1 Rich. Eq., 91 ; *Talliaferro v. Talliaferro*, 6 Ala. 406. When such a trust is sought to be established and engrafted upon a deed absolute in its terms, the facts must be distinctly and precisely averred, and the proof must correspond and be clear, full, satisfactory and convincing. A deliberate deed is of too much solemnity to be done away with by loose and inconclusive evidence.— *Tilford v. Tony, supra ; Henland v. Blake*, 97 O. S., 626 ; Perry on Trusts, Sec. 137 ; Story's Eq., Sec. 152 ; 1 Lead. Eq. Cases, 273.

W. H. BARNES, *contra.*—The case made out by the bill is not obnoxious to Sec. 2199 of the Code of 1876. The bill shows, that Edwards loaned or advanced Rogers the money to pay the costs, that the relation of creditor and debtor existed between them, and Edwards was to take a deed to the land and hold it to secure the re-payment of the money loaned or advanced. " Without departing from the statute, in equity an absolute conveyance, taken merely as a securi-

ty for a debt, may, on parol evidence, be converted into a mortgage," and "once a mortgage, always a mortgage." *Patton v. Beecher et al.* 62 Ala. 580 ; 2 Brick. Dig., 271, § 316. The amount of money loaned or advanced makes no difference in the principle.

CLOPTON, J.—The bill is filed by appellee for the redemption of the land in controversy, and seeks to establish and enforce the performance of a parol agreement, in opposition to the terms and legal effect of an absolute conveyance, executed by the Register in Chancery to James K. Edwards. The case made by the bill is, that the land was sold, in March, 1882, by the Register under a decree of sale, rendered by the Chancery Court in favor of complainant against Thomas Gordon, to pay the purchase-money due by Gordon to complainant. That complainant, being unable to raise money to pay the costs, had an understanding and agreement with Edwards, to bid in the land for the benefit of complainant, pay the costs, and take the title to himself to be held as security for the money advanced. That under this understanding and agreement, Edwards bid in the land at the sum of six hundred and fifty dollars, paid the costs, amounting to two hundred and eighty-three 60-100 dollars, which was all that was paid by him, and received a deed from the Register taken to himself; and complainant gave his receipt to the Register for the balance of the bid, for the purpose of crediting the decree. The bill further alleges, that complainant paid Edwards in his lifetime, and his administratrix since his death, about two hundred dollars for the rent of the land, which should be applied in payment, *pro tanto*, of the money advanced by him, and contains an offer " to pay to the said administratrix whatever may be found or be ascertained to be due on said sum of two hundred and eighty-three 60-100 dollars, the amount paid by said James K. Edwards, after deducting the rent paid by him (complainant) on said lands." Edwards having died before the filing of the bill, his heirs, who are minors, and the administratrix of his estate, are made defendants. The answers deny the allegations of the bill respecting the agreement.

Without expressing any opinion on the question, whether an agreement, such as the bill alleges, is obnoxious to the statute of frauds, as to which the authorities are somewhat in conflict, and without intending to commit the court to the policy of extending the exception to the statute, without modification, to cases of verbal agreements between the grantee and a person other than the grantor, that the land

conveyed shall be a security for the debt of such third person; we will regard, for the purposes of this suit, the judicial sale as the means adopted by the parties to pass the title, and consider the case, as if the conveyance had been made by complainant. In such cases, the burden rests upon the affirming party, to overcome the presumption arising from the terms of the deed; and a wise, proper, and conservative adjudication of the rights of parties litigant requires a high decree of proof to override such presumption. The rule of evidence is analogous to the rule which prevails, where a resulting trust is sought to be established, or a written instrument to be reformed. Where the question is, whether an unconditional sale or a mortgage is intended, the party asserting that the conveyance was intended to operate as a mortgage, must prove the agreement and intention by clear and convincing evidence—by evidence which places the question beyond reasonable controversy. *Parks v. Parks*, 66 Ala. 326; *Turner v. Wilkinson*, 72 Ala. 361; *Danner L. & L. Co. v. Stonewall Ins. Co.* 77 Ala. 184.

The evidence relied on to establish the alleged agreement consists of the declarations of the deceased Edwards, and the proved facts, that he only paid the Register the amount of the costs, and that complainant gave his receipt for the balance of the bid, without receiving any money from the Register. The verbal declarations of Edwards are certainly admissible against him, and his heirs and personal representatives; but such declarations, it is said, should be received with great caution, and ought not, after the death of the grantee, be made the basis of a decree establishing a resulting trust, or an equity, in opposition to the terms of a conveyance, unless clear and consistent in themselves, and with the other facts proved, or corroborated by circumstances.—*Lehman v. Lewis*, 62 Ala 129; *Bibb v. Hunter*, in MSS., Dec. Term, 1885-86.

The witness, by whom the declarations are proved, was twice examined. On his first examination, after stating that he gave Edwards and others notice of a claim to a part of the land, and the reply of Edwards that he might have the land and welcome, that he only wanted the wood, the witness says, that after bidding in the land, Edwards stated that he had agreed with complainant to pay the costs in the case, and that he needed a large quantity of wood for his mills, and had no fears of making himself safe. The witness further testified, that he did not remember the exact words, farther than as stated. On the second examination, which occurred about six months after the first, the witness, after stating the notice and the reply of Edwards substan-

tially as in his previous testimony, says that after the sale, Edwards stated in further explanation of his purchase, that he had agreed with complainant to buy in the land and pay the cost of the suit for him; that he was safe in the purchase, as he needed the timber for his mill, and in that way could be repaid; and that, before the crowd dispersed, Edwards stated that he had bought the land for complainant, and was to advance the money to pay the costs of the suit for him, and complainant had agreed that he should have enough timber or wood off the land to indemnify him. It is evident that the evidence of the declarations of Edwards, as given by the witness in his first deposition, is too loose and unsatisfactory to prevent the operation, and defeat the legal effect of a solemn conveyance according to its expressed terms. The declarations are more fully and clearly stated in the second deposition; but it will be observed, that on the first examination, the declarations, stated on the second to have been made immediately after the sale, and before the crowd dispersed, are omitted, though he had stated the words of Edwards as fully as then remembered. A comparison of the two depositions illustrates the unsatisfactory character of such evidence, arising from a misunderstanding, incorrect statement, or failing recollection of the verbal declarations, and also the value and necessity of the rule above stated, however honest a witness may be.

The declarations shown in the second deposition, in connection with the proof of the amount of costs paid by Edwards, and with the circumstance of the giving of the receipt for the balance of the bid by complainant, may be sufficient to establish that the land was bought for complainant, and the costs paid by Edwards under an agreement that the amount should be repaid by the use of the wood or timber, if there were no inconsistent or opposing facts proved, nor counter admissions and statements. An examination of the evidence shows facts and admissions proved, which not only do not corroborate the declarations of Edwards, but are inconsistent with the existence of an agreement, such as is alleged in the bill, and which seriously impair the force and value of the evidence produced by complainant. It is shown that Edwards, by the consent of complainant, paid Samford, who was one of his solicitors in the suit in which the decree of sale was obtained, one hundred dollars; and that there were two other solicitors, one of whom is dead and the other has removed from the State; and that complainant admitted to J. C. Edwards, that the deceased Edwards paid about six hundred and fifty dollars, nearly all of which was used in

paying court costs and lawyers' fees. When Harrison, as the attorney of the administratrix, asked complainant by what right he was in possession of the land, and informed or exhibited to him the register's deed, he said that was all right, that Edwards had bought the land at his request; that he had induced him to buy it by promising to rent it from him for two bales of cotton for the first year and three bales for the second, and remarked, "this you know is good interest on six hundred and fifty dollars"; and said he intended and would redeem the land before the time allowed expired, and was then making arrangements to raise the money. Complainant recognized the title of Edwards by renting the land from him for two years succeeding the sale. After the death of Edwards, and after the expiration of two years from the sale, demand for possession having been made by the attorney of the administratrix, complainant retained possession by another rental contract, in which he agreed to deliver possession to the administratrix on the first of November, 1884. At the time of making this contract, complainant said he had at home a written agreement with Edwards, giving him a longer time in which to redeem than the time allowed by law. This agreement he never produced to the attorney or any of the parties in interest, though requested to do so, with the assurance that it would be carried out in good faith, and did not produce it, nor attempt to establish it on the hearing. None of these facts, or admissions and statements are contradicted by complainant.

We do not understand, as counsel insist, that complainant in any of his admisssions and statements, except the one instance alluded to, claimed a right to redeem under an *agreement*, but a statutory right of redemption, under which he expected and intended to redeem. Neither can we concur in the proposition of counsel, as applicable to this case, that the amount advanced by Edwards to complainant, makes no difference in the principle. This may be correct as a general proposition; but on a bill to enforce a parol agreement and to redeem, which alleges an agreement to advance a *specified* amount, for the repayment of which the land conveyed is held as security, and which contains an offer to pay only such *specified* amount after deducting proper credits and payments, complainant can not recover on proof of an agreement to advance a larger and different sum, which there is no offer to repay. In such case, the variance is fatal. In *Patton v. Beecher*, 62 Ala. 579, BRICKELL, C. J, says: "When such trusts are supported and enforced, it is only on clear and precise allegations, cor-

[Cosby v. Buchanan.]

roborated by plain and convincing evidence. A closer correspondence between the pleadings and proof is required than in any other, except the analogous cases of bills for the reformation, or for the specific performance of contracts."

Further review of the testimony is unnecessary. It may be conceded, that the complainant has produced evidence tending to sustain his claim ; but its effect is countervailed, if not overcome, by his opposing admissions ; his omission to assert an equity under circumstances which required its assertion ; his subsequent claim of having a written understanding, which was never produced, nor its absence explained ; his offer to purchase the property from the estate ; his agreement to rent the property in 1884, and to deliver possession at the termination of the rental term ; and by the uncontradicted facts mentioned. "That it may appear by the testimony probable that this was so, or that the mind inclines to that opinion, is not sufficient. The evidence should in such a case be clear and sharp, producing a conviction not disturbed by doubts."—*Chambers v. Richardson*, 57 Ala. 86 ; *Brantly v. West*, 27 Ala. 542. After examination of the evidence, we are satisfied, it is not of the clear and convincing character required to support and enforce, after the death of the grantee, the alleged agreement.

Reversed and remanded.