37 So.2d 210

### DUNCAN v. LEONARD.

6 Div. 505.

Supreme Court of Alabama.

Oct. 21, 1948.

Edw. T. Rice, of Birmingham, for appellee.

Barber & Garrison, of Birmingham, for appellant.

SIMPSON, Justice.

In order for a resulting trust to arise, one essential element is that, as a part of the original transaction, the consideration must have come from the complaining party at or before the time of the conveyance of the property. There must have been either payment of the agreed consideration or an unconditional and binding promise to pay. Talley v. Talley, 248 Ala. 84, 26 So.2d 586 and cases cited; Milner v. Stanford, 102 Ala. 277, 14 So. 644; Lehman v. Lewis, 62 Ala. 129.

It is observed that no pretext is made that any consideration was paid in cash for

appellee, Leonard, to acquire the property. So for present purposes, for appellant, Mrs. Duncan, to have established in her favor a resulting trust in the property, she must show by clear and convincing proof that at or before the time of the conveyance to Leonard and, as a part of the original transaction and mutually agreed and understood between them, she had undertaken an absolute and binding obligation to pay Leonard a certain sum at a stipulated time or on the happening of a specified event.

The same rule governs to enforce the alleged transaction as an equitable mortgage or a trust in the nature of an equitable mortgage. " * * * To establish the proposition that the conveyance, absolute in form, was in intention and in fact only a mortgage-security, there must be a continuing binding debt from the mortgagor to the mortgagee to uphold it,—a debt in its fullest sense. Not a mere privilege reserved in the grantor to pay or not at his election, but a debt which the grantee can enforce as a debt, and for its collection may foreclose the conveyance as a mortgage. Where there is no debt there can be no mortgage; for if there is nothing to secure, there can be no security. * * *" Knaus v. Dreher, 84 Ala. 319, 320, 4 So. 287, 288.

Guided by these principles, on the first appeal of this case, we held the bill to be good against the demurrer. Reference to the report of that appeal will disclose the substance of the allegations of the bill. Leonard v. Duncan, 245 Ala. 320, 16 So.2d 879.

As noted, equity will give relief by way of enforcing a resulting trust or a trust in the nature of an equitable mortgage only on clear and precise allegations strictly and convincingly supported by plain and unequivocal evidence. We have said that the proof must be so clear and convincing as to produce a conviction not disturbed by doubts,—"by evidence which places the question beyond reasonable controversy" (Edwards v. Rogers, 81 Ala. 568, 8 So. 229); by evidence so clear, strong, unequivocal and unmistakable as to establish the fact beyond reasonable doubt. Dooly v. Pinson, 145 Ala. 659, 39 So. 664, 668.

The record has had our considerate study and we are of the opinion that the decree denying relief was proper. Viewing the evidence impartially, we think it wholly uncertain and unsatisfactory to authorize the drastic relief of engrafting such a trust on the transaction. The testimony was in lamentable conflict—conflict not only on the main inquiry, as to whether there was any mutual understanding or agreement between the parties that Leonard should buy the property and Mrs. Duncan absolutely obligate herself to repay him, but also as to the attendant facts, supposed to collaterally fortify the testimony bearing on the main issue. Leonard denied the whole claim and Mrs. Duncan had no negotiations with him personally. Her son handled the business and he relates the alleged agreement as follows:

"Q. State the conversation you had with Mr. C. E. Leonard regarding the purchase from the City of Birmingham. A. After I had went to the Courthouse and got the amount for taxes and what it would take to get a deed from the State and had gone to the City Hall and got the amount that it would take to pay off the street improvements for the City he agreed to buy it in his name for my mother and when the title was cleared or passed on by Mr. Rice [attorney], he would make a deed to my mother, and she would make a mortgage to him for the amount that he agreed to loan on the property."

At the time of these alleged negotiations, Mrs. Duncan had no interest in the property, legal or equitable. The City of Birmingham had acquired title by a foreclosure sale for delinquent improvement liens and the time for redemption had long expired. It is familiar law that one having no interest, legal or equitable, in property cannot assert rights of a mortgagor against the grantee solely by virtue of an oral agreement of the grantee to convey the property to her upon the payment of a certain sum. Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; 41 C.J. 297, § 40.

We cannot find in the evidence the slightest tendency of an absolute and binding obligation on the part of Mrs. Duncan to pay any amount. The property appears to have been encumbered with judgment and other liens aggregating about $80,000. From aught appearing Mr. Rice, Leonard's attorney, never cleared or approved the title and, if he had, we cannot find any substance

336

to the suggestion that Mrs. Duncan was absolutely and unconditionally obligated to pay Leonard whatever it took to clear the title. No terms of payment, even under the appellee's evidence, were ever agreed upon nor were there any stipulations in regard to the character of security to be given, whether with or without interest, or when or how payment should be made. In the face of the positive denial of the entire claim by appellee, corroborated by his evidence of the tenor of the agreement, which does not appear unreasonable, we think the evidence for appellant is entirely too nebulous to support her claim for relief in the light of the governing principles.

At most, the transaction claimed by appellant was but an executory agreement for the purchase of land which is unenforceable and invalid, as within the statute of frauds. Talley v. Talley, supra (7); Pollak v. Millsap, supra.

These observations also dispose of the contention of learned counsel that relief, as for a constructive trust, was due to be granted. It will be added, however, that this insistence is otherwise untenable, since the fraud, imposition or mistake, if such, prerequisite to enforcement of such a trust must be implicit in the original transaction and not later. It is fraud then and not subsequently which justifies a court of equity in intervening and granting such relief. Talley v. Talley, supra. There is entirely absent from the record any tendency of evidence to support such a theory.

We think the decree of the trial court well founded.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.