457 P.2d 355

Ray C. BROWN, Executor of the Estate of
Katherine Orrick, Deceased, Appellant,

v.

Curtis WALLS and Effie Walls, husband
and wife, Appellees.

No. 2 CA–CIV 665.

Court of Appeals of Arizona.

July 17, 1969.

Houston & Brown, by Ray C. Brown,
Tucson, for appellant.

George B. Morse, Tucson, for appellees.

KRUCKER, Judge.

Appellant-plaintiff, Katherine Orrick, now deceased, and substituted for by her executor, Ray C. Brown, sought to impress a constructive trust against appellees, defendants, Curtis and Effie Walls, over realty deeded to them by plaintiff. Defendants' motion for summary judgment was granted by the trial court and plaintiff appeals from that determination.

Construing the facts most favorably to the party opposing the motion, i. e., the plaintiff, the facts are as follows. Katherine Orrick owned a trailer court on West Grant Road. She had signed an agreement to sell the property for $45,000 and was being threatened with civil action by the prospective purchaser. She claimed she had signed the sales agreement while under the influence of medication. In fear of losing her property and because of threats of legal action, she deeded the property to her nephew, the defendant, Curtis Walls, and his wife, who lived in Indiana and were unaware of the deed. It was properly recorded and acknowledged. The deed recited a consideration of ten dollars and other valuable consideration and reserved a life estate in the grantor. In August, the deed was delivered to the Walls, and they agreed to liquidate their holdings in Indiana, terminate Mr. Walls' employment and come to Tucson permanently to take over the trailer court and take care of the decedent for the rest of her life. Mr. Walls returned to Indiana to sell a farm and terminate a long-term employment contract

while his wife stayed with the decedent until his return. In the meantime, the civil action against Mrs. Orrick was settled. On Mr. Walls' return in December, the decedent sought to have her property reconveyed. The Walls agreed to reconvey it in return for their travel and moving expenses. This was refused and no settlement was reached. A strip of the land in question was taken by the City about this time, and the decedent and the Walls set up the $5,200 received therefor in trust for decedent's support. One day before her death, Mrs. Orrick filed this action.

We believe the plaintiff failed to meet the requisite burden of defeating defendants' motion for summary judgment.

■■ A constructive trust arises by operation of law. MacRae v. MacRae, 37 Ariz. 307, 294 P. 280 (1930); Dawson v. McNaney, 71 Ariz. 79, 233 P.2d 907 (1950). It is generally imposed when property is acquired under inequitable circumstances, resulting in unjust enrichment of one at the expense of another. Cordoba v. Wiswall, 7 Ariz.App. 144, 436 P.2d 922 (1968); 54 Am.Jur. Trusts § 218; 89 C.J.S. Trusts § 139. Fraud, actual or constructive, has been held in Arizona to be an essential element thereto. Eckert and Storch v. Miller, 57 Ariz. 94, 111 P.2d 60 (1941). Dawson, supra. Or, if a fiduciary relationship is established, if combined with a promise to reconvey, the Arizona courts have held there is sufficient evidence to impose the trust. MacRae, supra; Dawson, supra; 89 C.J.S. Trusts § 149.

In the instant case there is no suggestion made by either side that any fraudulent conduct occurred at the time the deed was made. Defendants had no knowledge of the deed until several months after it was recorded. There also could have been no promise to reconvey at that time for the same reason. There is likewise no evidence or contention that a promise to reconvey occurred when the deed was delivered in August. Plaintiff contends there was fraud in defendants' refusal to reconvey the property in December, and their willingness to do so for expense money was an admission that no valuable consideration was given for the property.

■ We do not believe the promise of defendants to reconvey the property for their expense money and their failure to reconvey in any way demands equitable relief in the form of a constructive trust. No fraud on the part of the Walls induced the transfer. They admittedly came out to Arizona at least in part motivated by the gift deed to them of this property. Subsequently, because of this transfer they agreed to take care of the grantor for the rest of her life. This they did. Under these circumstances, we fail to see that they did anything unfair or immoral. Under the authorities cited there must be something more than this to impose a constructive trust.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.