492 P.2d 1232

Floyd E. PACKER et al., Appellants,

v.

James B. DONALDSON et al., Appellees.

No. 1 CA–CIV 1525.

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 26, 1972.

Rehearing Denied Feb. 18, 1972.

Review Denied April 11, 1972.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellants.

Philip T. Goldstein, Ltd. by Philip T. Goldstein, Phoenix, for appellee Donaldson.

Shimmel, Hill & Bishop, P. C. by James B. Rolle, III, Phoenix, for appellees Knutsen and Phillips.

CASE, Judge.

This is an appeal from a judgment of the trial court, sitting without a jury, in favor of defendants-appellees and against plaintiffs-appellants.

Prior to 3 March 1962, Penguin Motor Hotel, Inc., an Arizona corporation (hereinafter referred to as Penguin), was formed with thirteen original incorporators. The corporation, with the intention of establishing a motel thereon, obtained real estate leases on certain real property located in Dona Ana County, New Mexico, from Anthony A. and Margaret K. Standish and Sigurd and Virginia Johansen. The Standishes were two of the thirteen shareholders of Penguin.

On 3 March 1962 Penguin, for interim financing, borrowed $165,000 from the First National Bank of Arizona and First National Bank of Las Cruces. The latter named bank was subsequently known as the First National Bank of Dona Ana County. The security for the loan took two forms. The Standishes and Johansens, the fee owners of the land, signed a real estate mortgage. They had previously, through their leases with Penguin, agreed to subordination of their fee interest to the $165,000 mortgage. The thirteen incorporators also executed joint and several guarantees as security for the loan.

On 16 August 1962, Penguin borrowed an additional $100,000 from the same banks for the purpose of financing the purchase of furnishings for the motel. This loan was secured by security agreements covering various chattels located in the motel and by joint and several guarantees of the corporation's incorporators.

Penguin became in default on both loans and the guarantors were so notified by the banks. Plaintiffs, Packers, Bettinis, Good-wins, and Stuckeys, all incorporators, except the Stuckeys, after notice and demand upon remaining guarantors and stockholders of Penguin, honored their guarantees by paying the principal and accrued interest on the notes in the total sum of $265,576.31. In return for payment, the plaintiffs were assigned the real estate mortgage, together with other security for the notes which included the individual guarantees of defendants, Donaldson, Knutsen and the Phillips, all original incorporators and stockholders.

Plaintiffs initiated a lawsuit in New Mexico against Penguin, James and Freeda Donaldson, Grace Lelles, C. and Ruth Porterfield, Anthony and Margaret Standish, Sigurd and Virginia Johansen, all original incorporators and stockholders of Penguin. This lawsuit resulted in two judgments, one dated 14 May 1965 and one dated 29 June 1965.

The New Mexico action contained three counts. The first count sought to foreclose the real estate mortgage, the second sought to foreclose the personal property security agreements and the third sought judgment for any deficiency against the defendants-guarantors following the foreclosure and sales. The 14 May 1965 judgment dealt only with the second count, granted summary judgment in favor of plaintiffs for $110,756.46, directed foreclosure of the security interests and preserved any deficiency against Penguin and the guarantors. On 7 December 1965, a public sheriff's sale was held. Defendant Donaldson bid $20,000 for the property but plaintiffs bid $25,000 and had the property struck off to them at that price. The judgment of 29 June 1965 contained numerous findings of fact and conclusions of law which determined the issues presented by Count I of plaintiffs' complaint. The real property subject to the foreclosed mortgage was sold at a sheriff's sale. Defendants Donaldson and Phillips bid $200,-000 but were outbid by plaintiffs who bid $206,108.55, the full amount of the judgment on Count I, leaving no deficiency thereon. The New Mexico court on 6

April 1966 determined the deficiency under Count II to be $95,404.61 and awarded plaintiffs' judgment of $51,371.67, plus interest, derived by subtracting plaintiffs' pro rata share of the deficiency.

Thereafter, on 22 March 1968, appellants sold the Penguin Motel to Todric, Inc. and Maranco Motels, Inc. for the sum of $346,-750.00. As a result of said sale, plaintiffs profited in the amount of $115,641.45 [$346,750.00 — ($206,108.55 + $25,000.00)] which is the sale price minus the purchase price.

Plaintiffs brought the instant action to domesticate the New Mexico judgment setting the deficiency at $51,371.67 and also to set aside as fraudulent conveyances certain transfers of property from the Donaldsons to Faye and J. W. Phillips. The trial court's findings of fact and conclusions of law from which this appeal is taken, issued 22 May 1970, found for defendants and against plaintiffs on Counts I and II of the complaint.

Plaintiffs' main contention on appeal is that the findings of fact and conclusions of law issued by the trial court fail to give full faith and credit to the New Mexico findings and conclusions in that certain of them are alleged to be in conflict. They further complain that the trial court erred in granting judgment to defendants on Count II of plaintiffs' complaint.

## I. DID THE TRIAL COURT GRANT FULL FAITH AND CREDIT TO THE NEW MEXICO JUDGMENT?

Article IV, Section 1 of the United States Constitution provides in part:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."

Appellees do not contest that the New Mexico judgment must be and was accorded full faith and credit by the trial court. The trial court's finding of fact number 18 in fact provides:

"That Cause No. 19356 in the District Court of Dona Ana County, New Mexi-

co, went to trial on Counts I and III and the Court docketed its Findings of Fact and Conclusions of Law therein on the 29th day of June, 1965. These Findings of Fact and Conclusions of Law are in evidence here as Exhibit 22, and being entitled to full faith and credit in this Court are therefore adopted as Findings in this cause."

Plaintiffs contend that the following findings of fact and conclusions of law made by the trial court conflict with the findings and conclusions of the New Mexico court. These findings and conclusions made by the Arizona trial court are as follows:

## FINDINGS OF FACT

"27. That the Plaintiffs purchased the said assets at a judicial sale in New Mexico for $206,108.55.

28. That when Plaintiffs acquired the assets of Penguin Motor Hotels, Inc. at the aforesaid judicial sale, the corporation was rendered insolvent and assetless.

29. That Plaintiffs did not pay the full value of the property purchased at the judicial sale and the price paid was grossly inadequate.

\* \* \* \* \* \*

31. That as a result of the sale evidenced by Exhibit 15, Plaintiffs profited in the principal sum of $81,171.69 (exclusive of interest) constituting the difference between the sales price of $346,750.00 recited in Exhibit 15 and the $265,578.31 constituting the price paid by Plaintiffs at the judicial sale.

\* \* \* \* \* \*

34. That Plaintiff, Kemper Goodwin, and Plaintiffs, S. A. Bettini and Floyd Packer, acted in concert and as joint venturers in their dealings with the Defendants and Penguin Motor Hotels, Inc.

35. That Plaintiff, Jay Stuckey, and Plaintiffs, Floyd Packer, S. A. Bettini and Kemper Goodwin, acted in concert and as joint venturers and as principals and agents, one to the other, in their dealings with the Defendants and Penguin Motors Hotels, Inc.

37. That Plaintiffs, Kemper Goodwin and S. A. Bettini, and Floyd Packer held 132,-580 shares in the aggregate and with the cooperation of Charles L. Porterfield's 28,210 shares the Plaintiffs controlled a majority of the voting shares of Penguin Motor Hotels, Inc.

\* \* \* \* \* \*

47. That Plaintiffs Packer, Goodwin, and Bettini, with the assistance of Plaintiff, Jay Stuckey, acted in concert in breaching their fiduciary duty as officers, directors and controlling stockholders of Penguin Motor Hotels, Inc. and of exercising good faith, care and diligence to protect the corporation and its other stockholders and their respective interests in the income and proceeds of the corporate property and assets which Plaintiffs purchased at the aforesaid judicial sale.

48. That Plaintiffs Goodwin and Packer, as directors and shareholders, owed a fiduciary duty to Penguin Motor Hotels, Inc., which they breached with the knowledge, assistance, help and aid of Plaintiffs Stuckey and Bettini by acquiring the assets of Penguin Motor Hotels, Inc. for a grossly unreasonable price, in view of the actual value thereof, and further practiced bad faith and a breach of their aforesaid fiduciary relationship by failing to act for and in the interests of Penguin Motor Hotels, Inc. and the stockholders thereof subsequent to Plaintiffs' purchase of the assets and property of the aforesaid corporation at the judicial sale, and primarily during the period of redemption subsequent to such sale.

\* \* \* \* \* \*

51. That Plaintiffs failed to account to the corporation, Defendants and other stockholders similarly situated of Penguin Motor Hotels, Inc. for the difference paid by them for the assets and property of Penguin Motor Hotels, Inc. and the price · at which Plaintiffs sold the property, pursuant to Exhibit 15."

## CONCLUSIONS OF LAW

"9. That the Plaintiffs, Floyd E. Packer and Marie Packer, his wife; S. A. Bettini and Marie J. Bettini, his wife; Kemper Goodwin and Mary C. Goodwin, his wife; and Jay C. Stuckey and Elizabeth L. Stuckey, his wife, were and are indebted to the Defendants James B. Donaldson and Freeda Knutsen, formerly Freeda Donaldson, in the sum of $81,171.69, which sum shall constitute a setoff and recoupment against the $71,495.51 indebtedness due, pursuant to Exhibit 1 by said Defendants to the Plaintiffs.

10. That Exhibit 1, by reason of the indebtedness of $81,171.69 due from the Plaintiffs to the Defendants, James B. Donaldson and Freeda Knutsen, formerly Freeda Donaldson, is satisfied, paid and discharged in full.

11. That Defendants, James B. Donaldson and Freeda Knutsen, formerly Freeda Donaldson, shall have judgment against the Plaintiffs on Count I of Plaintiffs' complaint.

12. That the law will not permit directors to participate in acts relative to corporate property that will result in their personal and private advantage to the injury of the corporation when their duty requires them to use all reasonable efforts to the accomplishment and result that will benefit the corporation and the creditors and stockholders thereof, and in this regard the Court finds as a matter of law that Plaintiffs Goodwin and Packer in concert with Bettini and Stuckey breached their fiduciary duty and failed to use all reasonable efforts to benefit the corporation and the Defendants Donaldson and Knutson as stockholders thereof, and that said Plaintiffs dealt for their personal and private advantage.

13. The law will not permit a director of an insolvent corporation to purchase all of its assets or by his purchase of all of the assets render the corporation insolvent at a judicial sale for less consideration than the value of the property without requiring such director to account for the property or its value, and in this regard the Court finds as a matter of law that the Plaintiffs in purchasing the two promissory notes

which were obligations of Penguin Motor Hotels, Inc., for $265,578.31 are chargeable with the value of the property with the profits or interest accruing therefrom as a trust fund for the use and benefit of Penguin Motor Hotels, Inc., its creditors and stockholders, including, but not limited to, Defendants Donaldson and Knutsen.

14. That the value of the property is a fund held by Plaintiffs in trust to be applied to the payment of the corporate debts for which Plaintiffs are accountable, and by reason thereof the indebtedness of Penguin Motor Hotels, Inc., pursuant to Exhibit 1, is as a matter of law discharged, satisfied and extinguished, which therefore and as a consequence thereof satisfies, extinguishes and discharges any indebtedness that may have been due and owing by Defendants Donaldson and Knutsen to Plaintiffs under and pursuant to Exhibit 1.

\* \* \* \* \* \*

16. That the directors of a corporation occupy a fiduciary relation to the stockholders, which is in the nature of a trust with respect to corporate property, which under the circumstances and facts elicited by the evidence was breached by Plaintiffs Packer and Goodwin in pari delicto with Plaintiffs Bettini and Stuckey when Plaintiffs acquired the property and assets of Penguin Motor Hotels, Inc. at a grossly inadequate price, and thereafter commenced to deal with the property acquired for their private advantage and interest.

17. That the conduct of Plaintiffs Packer and Goodwin as directors of Penguin Motor Hotels, Inc. falls below the standard required of corporate fiduciaries in that they have failed in their obligation to retain and continue to hold and protect the business interests of Penguin Motor Hotels, Inc., and as such said Plaintiffs may not acquire in opposition to the corporation property and assets in which Penguin Motor Hotels, Inc. had an interest and tangible expectancy which was essential to its existence.

18. That Plaintiff, Kemper Goodwin, did not effectively resign his office as president of Penguin Motor Hotels, Inc., nor did he and Plaintiff Packer effectively resign as directors of Penguin Motor Hotels, Inc., and therefore their fiduciary duty did not terminate; however, even if said Plaintiffs had effectively resigned, their fiduciary duty to Penguin Motor Hotels, Inc. did not then terminate, but they were required to be loyal and faithful to Penguin Motor Hotels, Inc. since a fiduciary duty cannot be renounced at will by the termination of employment, and said Plaintiffs, therefore, did not proceed in good faith when they purchased the assets and property of Penguin Motor Hotels, Inc. at the judicial sale since they did not pay the full value of the property.

\* \* \* \* \* \*

20. That Plaintiffs, Jay Stuckey and S. A. Bettini, knowingly aided, encouraged and cooperated with Plaintiffs Goodwin and Packer in breaching their fiduciary duty."

The pertinent findings of fact and conclusions of law made by the New Mexico court are as follows:

## FINDINGS OF FACT

"32. That at all times material hereto full disclosure as to the business of the corporation and in particular the delinquency of the $165,000.00 note and the $100,000.00 note was made to all of the officers, directors and stockholders of Penguin Motor Hotels, Inc.

\* \* \* \* \* \*

36. That the purchase of the two notes and the securities held therewith was done after full disclosure to all stockholders and at no discount.

\* \* \* \* \* \*

43. That all of the guarantees executed by Defendants James B. Donaldson and Freeda Donaldson, his wife; Grace Lelles, C. L. Porterfield and Ruth E. Porterfield, his wife, Anthony A. Standish and Margaret K. Standish, being Plaintiffs Exhibits 17 through 28, said exhibits being a true and correct copy of the original guarantees

executed by the aforesaid defendants, are contracts which are assignable and were properly assigned to the Plaintiffs for a valuable consideration.

\*    \*    \*    \*    \*    \*

45. That the above named defendants who executed the continuing guarantees identified as Plaintiffs' Exhibits 17 through 28, which were attached to their complaint, personally jointly and individually guaranteed payment of the $100,000.00 note dated August 16, 1962, which note was the subject matter of Count Two of Plaintiffs Complaint, and which note was owned by the Plaintiffs and in default and Summary Judgment was entered in favor of the Plaintiffs and against the Defendant Penguin Motor Hotels, Inc., by virtue of a Summary Judgment dated May 11, 1965 wherein judgment was awarded in the amount of $110,759.16 together with interest on said judgment from May 3, 1965 at the rate of 10% per annum; and that said Defendant Guarantors specifically guaranteed payment of this note by virtue of their executing the guarantees attached to Plaintiffs Complaint as Exhibits 23, 24, and 25, said Exhibits being true copies of the original executed guarantees.

\*    \*    \*    \*    \*    \*

47. That payment of the $165,000.00 note dated March 3, 1962, a copy of which is attached to Plaintiffs' Complaint as Exhibit 1, was personally guaranteed jointly and individually by the Defendants James B. Donaldson and Freeda Donaldson, his wife; Grace Lelles; C. L. Porterfield and Ruth E. Porterfield, his wife; Anthony A. Standish and Margaret K. Standish, by virtue of their executing the several guarantees upon which their names appear, a true copy of which is attached to Plaintiffs' Complaint as Exhibits 17 through 22 and Exhibits 26 through 28."

## CONCLUSIONS OF LAW

"2. That the Plaintiffs purchased the $165,000.00 note and mortgage given as security therefor, both dated March 3, 1962, and the several personal guarantees given in connection with said note, and the $100,000.00 note, being Plaintiffs' Exhibits 17 through 28, from the First National Bank of Dona Ana County and the First National Bank of Arizona in a lawful manner, in good faith, at no discount, for a full and valuable consideration, and committed no fraud in purchasing said notes and securities held in connection therewith.

3. That the Plaintiffs, by purchasing said notes and securities held in connection therewith, did not violate any fiduciary duty or any other duty which they might have had as officers, directors and/or stockholders in the Penguin Motor Hotels, Inc.

\*    \*    \*    \*    \*    \*

5. That the Plaintiffs are entitled to judgment allowing and directing foreclosure proceedings to be instituted against the premise known as the Penguin Motor Hotels, Inc., 2255 West Picacho Avenue, Las Cruces, New Mexico, and being the premises described in the mortgage dated March 3, 1962 executed by the Penguin Motor Hotels, Inc., Sigurd Johansen and Virginia Johansen, his wife; and Anthony A. Standish and Margaret K. Standish, his wife, and each of them, being the mortgage recorded in Book 149 at pages 28–30 of the Mortgage Records of Dona Ana County, New Mexico, in the time and manner prescribed by law in order to attempt to satisfy the above judgment.

6. That the leases and amendments thereto executed by the Defendants Sigurd Johansen and Virginia Johansen, his wife; Anthony A. Standish and Margaret K. Standish, his wife, and each of them, are subject to and inferior to the above described mortgage.

\*    \*    \*    \*    \*    \*

10. That the several guarantees, being Plaintiffs' Exhibits 17 through 28, are assignable and were lawfully assigned by the First National Bank of Dona Ana County and the First National Bank of Arizona to the Plaintiffs and the Plaintiffs are the owners and holders of said guarantees.

11. That the Defendants James B. Donaldson and Freeda Donaldson, his wife; Grace

Lelles, C. L. Porterfield and Ruth E. Porterfield, his wife; Anthony A. Standish and Margaret K. Standish, and each of them, who executed the guarantees, did so for a valuable consideration and said guarantees are binding contracts and are still in force and effect.

12. That the Plaintiffs are entitled to judgment jointly and severally against the Defendants James B. Donaldson and Freeda Donaldson, his wife; Grace Lelles, C. L. Porterfield and Ruth E. Porterfield, his wife; Anthony A. Standish and Margaret K. Standish, and each of them, for the judgment heretofore entered on May 11, 1965 in favor of the Plaintiffs in the amount of $110,759.16 together with interest thereon at the rate of 10% per annum commencing May 3, 1965 and continuing until paid."

The judgment on Count II of plaintiffs' New Mexico complaint reads:

### JUDGMENT

"THIS MATTER having heretofore come on for hearing before the Court on the issues of Count No. 3 of the Plaintiffs' complaint, and the Court having heard the parties evidence and having made and entered its findings of fact, and the Court having considered the sheriff's Report of Sale pursuant to the judgment entered on Count No. 2 and which report has been duly approved by the Court, and it appearing that the proceeds of said sale were insufficient to pay the judgment awarded to the Plaintiffs under Count No. 2 and that there was a deficiency in the amount of $92,327.05, together with interest thereon to April 7, 1966 in the amount of $3,077.56 for a total deficiency of $95,404.61, and it further appearing that the Plaintiffs are entitled to a judgment against the Defendants, James B. Donaldson, Freeda Donaldson, Grace Lelles, C. L. Porterfield, Ruth E. Porterfield, Anthony A. Standish and Margaret K. Standish, in accordance with the Court's findings on the issues contained in Count No. 3 for their pro rata share of such deficiency and it appearing to the Court that the pro rata share of the deficiency owed by the Defendants hereinabove named to the Plaintiffs is the sum of $51,371.67, and the Court being otherwise fully advised in the premises,

IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiffs recover of and from the Defendants, James B. Donaldson, Freeda Donaldson, Grace Lelles, C. L. Porterfield, Ruth E. Porterfield, Anthony A. Standish and Margaret K. Standish, severally and jointly, the sum of $51,371.67, plus interest from date at the rate of ten per cent per annum and for all of which execution may issue."

Defendants, to the contrary, contend that there is no real conflict; that the trial court's findings and conclusions which appear to conflict with the New Mexico decree actually deal with events which occurred after the New Mexico judgment was entered, and accordingly were not litigated in the New Mexico suit or governed by its judgment. The basic fact upon which defendants rely is that the 1968 sale resulted in a profit to plaintiffs which defendants claim should inure to the benefit of all the stockholders of Penguin since plaintiffs, in originally purchasing the property, acted as constructive trustees for the remaining stockholders and co-guarantors.

■ The test in Arizona to determine whether a director breached his fiduciary duty to a corporation in transactions where his personal interest is adverse to that of the corporation has been enunciated in Tovrea Land and Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966). The court held that such transactions will be closely scrutinized and set aside *only* if they are unfair to the corporation.

■ In reviewing the Arizona trial court's findings of fact, we are required to view the evidence in a light most favorable to upholding the findings, Kubby v. Crescent Steel, 105 Ariz. 459, 466 P.2d 753 (1970), and we must not set them aside unless they are unsupported by any credible evidence. Rule 52(a), Ariz.R.Civ.P.; Bass Investment Co. v. Banner Realty, Inc., 103

Ariz. 75, 436 P.2d 894 (1968); Marquess v. Spanner, 15 Ariz.App. 342, 488 P.2d 698 (1971). This court has more discretion in reviewing conclusions of law and though we must view the evidence in the same manner we can substitute our own conclusions of law for erroneous legal conclusions of the trial court. Cantlay & Tanzola, Inc. v. Senner, 92 Ariz. 63, 373 P.2d 370 (1962); Tuab Mineral Corp. v. Anderson, 3 Ariz. App. 512, 415 P.2d 910 (1966).

Our Supreme Court in Dragoon Marble Etc. Co. v. McNeish, 28 Ariz. 96, 235 P. 401 (1925), recognized that under certain circumstances a director could properly purchase corporate assets at a foreclosure sale citing Twin-Lick Oil Co. v. Marbury, 91 U.S. 587, 23 L.Ed. 328 (1875).

A case somewhat similar to the case *sub judice* is Tiffany v. Smith, 124 N.Y.S. 85 (1910). The court therein stated:

"While, generally speaking, a purchase of property of a corporation at judicial sale by one of its directors is voidable by the corporation, I think it was not so in this case. The defendants were personally liable upon those notes. They had indorsed the notes for the benefit of the Schad Wheel Company, and as against that company and its stockholders they were entitled to protect themselves upon the judicial sale of the company's property, exactly as they would have been entitled had they themselves loaned the money to the company and found it necessary to resort to judicial proceedings for its collection. In such case, the weight of authority seems to be that it would have been their right and privilege to have purchased the company's property upon the sale for their own protection. Preston v. Loughran, 58 Hun. 210, 12 N.Y.Supp. 313; Twin-Lick Oil Co. v. Marbury, 91 U.S. 587, 23 L.Ed. 328; Marr v. Marr, 72 N.J.Eq. 797, 66 Atl. 182; Hoyle v. P. & A. H. R. R. Co., 54 N.Y. 314, 13 Am. Rep. 595." Id. at 88.

This statement is relevant herein since the plaintiffs were personally liable on the notes as guarantors.

■ A further objection to defendants' position is that they waited until the plaintiffs resold the property at a profit to assert their claim of recoupment and setoff. We feel that the principles of res judicata preclude defendants from asserting such claims in the instant action. The issue of setoff or recoupment was properly framed by Count III of plaintiffs' complaint in the New Mexico action. Any objection the defendants had, i. e., that the plaintiffs purchased the corporate property at an unfair price, should have been raised in the New Mexico action, by objecting to the confirmation of the foreclosure sale and the establishment of the deficiency. See Ealy v. McGahen, 37 N.M. 246, 21 P.2d 84 (1933). Once the sale had been confirmed, a collateral attack in another action could not be sustained. *See* Kendall v. Silver King of Ariz. Mining Co., 26 Ariz. 456, 226 P. 540 (1924); Morgan Guaranty Trust Co. v. Huntington, 149 Conn. 331, 179 A.2d 604 (1962); Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

■ Defendants' allegation that a breach of fiduciary duty occurred after the New Mexico judgment is not well taken. Plaintiffs' action, taken after the New Mexico judgment, was to run the motel and sell it two years later for $346,750. There being no breach of duty at the time of the purchase of the property their subsequent acts did not give rise to a breach. A constructive trust normally takes effect at the time of a wrongful act and traces funds gained by the act until rightful recovery is made. King v. Uhlmann, 103 Ariz. 136, 437 P.2d 928 (1968). Here the wrongful act, if any, occurred at the purchase of the personalty and the failure of appellees to seek their remedy at that time forecloses them from so proceeding in the instant action.

Accordingly, we find that findings of fact numbers 29, 47, 48, 51 are clearly erroneous and conclusions of law 9, 10, 11, 12, 13, 14, 16, 17, 18, 20 also erroneous.

We further find the trial court's finding of fact number 27 to be clearly erroneous since the evidence is uncontradicted

that appellants purchased the chattels for $25,000 and the real estate for $206,108.55, a total of $231,108.55.

## II. FRAUDULENT CONVEYANCES

Appellants next question the trial court's action in dismissing and granting judgment to appellees on Count II of their complaint which sought to set aside certain conveyances from appellees Donaldson and Knutsen to Faye and J. W. Phillips as fraudulent under § 44–1001 et seq., A.R.S. Appellant particularly challenges the following conclusions of law:

"2. That Plaintiffs, with respect to their Count II sounding in fraudulent conveyance, failed to introduce any testimony or evidence showing the market value of the property covered by the mortgages against the real property of Penguin Motor Hotels, Inc. which was essential for Plaintiffs to demonstrate that Defendants' indebtedness to them was not fully secured in order to establish their right to have the conveyances alleged in Plaintiffs' Count II set aside as fraudulent.

3. That the mere showing that the Plaintiffs purchased the mortgaged property at the judicial sale for an amount which was inadequate to discharge the indebtedness was insufficient to sustain Plaintiffs' Count II.

4. That Plaintiffs, pursuant to their Count II, did not have standing to maintain their action to set aside the conveyances alleged to be fraudulent since they failed to affirmatively produce any evidence showing that at the time said conveyances were made their security was inadequate to satisfy the indebtedness.

5. That the Plaintiffs failed to produce any evidence pursuant to their Count II showing that they as creditors had been injured or damaged by the conveyances alleged in said Count II.

6. That Defendants, James B. Donaldson, Freeda Knutsen, formerly Freeda Donaldson, J. W. Phillips and Faye Phillips, are entitled to judgment against Plaintiffs on Count II of the Complaint."

Appellants contend that they showed sufficient "badges of fraud" to require appellees to produce evidence to explain the transaction. *See* Torosian v. Paulos, 82 Ariz. 304, 313 P.2d 382 (1957), modified, 82 Ariz. 404, 313 P.2d 1120 (1957); Cashion Gin Co. v. Kulikov, 1 Ariz.App. 90, 399 P.2d 711 (1965). It is obvious that appellants' "badges of fraud" theory relates to actual fraud under § 44–1007, A.R.S.

Appellees rely on Norton v. Blenkiron, 138 Cal.App. 68, 31 P.2d 807 (1934) for the proposition that in order for a secured party to set aside a conveyance as fraudulent he must show that his security was inadequate.

This case has subsequently been distinguished by Fross v. Wotton, 3 Cal.2d 384, 44 P.2d 350 (1935). In Fross, the Court indicated that where a secured party sought to set aside a conveyance as fraudulent and introduce direct proof of actual fraud as opposed to presumed fraud, there need be no showing that the security was inadequate. Thus, in the instant case where appellants rely on the actual intent to defraud rather than the statutory presumption of fraud, a showing of the inadequacy of the security is not necessary. The case of Kirkpatrick v. Towers, 60 Cal.App.2d 251, 140 P.2d 681 (1943) is not inapposite.

We believe the trial court erred in its conclusions of law numbers 2, 4, 5 and 6. We further believe that appellants have shown sufficient "badges of fraud" to require appellees to explain the transaction.

For the foregoing reasons, appellants' cause of action seeking to set aside certain conveyances as fraudulent is remanded to the trial court for further hearing. Regarding Count I of appellants' complaint, we reverse the trial court's judgment and instruct the trial court to enter judgment for appellants in the sum of $51,371.67, plus interest at ten percent per annum from the date of the New Mexico judgment, i. e., 15 April 1966.

STEVENS, P. J., and DONOFRIO, J., concur.