539 P.2d 915

**ARM, INC., an Arizona corporation, Appellant,**

v.

**Filbert TERRAZAS and Eloise Terrazas, his wife, Appellees.**

**No. I CA–CIV 2602.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 9, 1975.

Rehearing Denied Oct. 17, 1975.
Review Denied Dec. 2, 1975.

---

Cunningham, Goodson & Tiffany, Ltd. by James P. Cunningham, James W. Ryan, Phoenix, for appellant.

Lewis & Roca by Brian M. Goodwin, Mary M. Schroeder, Phoenix, for appellees.

## OPINION

FROEB, Judge.

This appeal arises from an order of the trial court granting a motion for partial summary judgment. The trial court found no genuine issue of material fact and held as a matter of law that the remedy of a constructive trust was inapplicable. We agree and affirm the judgment.

While there is controversy as to some facts, the record indicates that there is no genuine issue presented as to those which are hereafter set forth.

On September 4, 1968, Filbert Terrazas and Eloise Terrazas, his wife, appellees, (hereafter referred to as Terrazas) purchased an unimproved lot at 1245 S. Seventh Street in Phoenix for the sum of $25,000 and paid for it from personal funds. Thereafter, Terrazas caused improvements to be made thereon, which included an office building and a warehouse completed by August, 1969. While the issue was contested, appellees concede, for the purpose of this appeal, that the improvements to the property were paid for by funds belonging to Terri-Flex Products, Inc., an Arizona corporation, and not from personal funds of Terrazas.

In August, 1969, Terrazas were sole stockholders of two corporations, namely, Terri-Flex Products, Inc. and Manufacturers Research, Inc. At that time they leased the property in question to Manufacturers Research, Inc. for five years at a total rental of $36,000 payable at the rate of $600 per month after the initial installment. In January of 1970, Manufacturers Research was merged into Terri-Flex and the latter became the tenant under the lease.

Thereafter, stock ownership changes took place with regard to Terri-Flex. In late 1970 or early 1971, Terrazas sold 26 percent of their stock in Terri-Flex and then the remaining 74 percent in August, 1972. This was followed by a general assignment by Terri-Flex to Arm, Inc., plaintiff in the trial court.

Following a demand by Terrazas that Arm make rental payments under the lease, Arm filed this suit on December 6, 1972. The complaint sought the imposition by the court of a constructive trust upon the improved lot for the benefit of Arm. The general theory of recovery propounded by Arm was that the improvements on the Phoenix property were made with funds belonging to Terri-Flex Products, Inc. and not Terrazas and that therefore Arm, as successor in interest to Terri-Flex, was entitled to ownership of the property. No claim was made that the land itself was acquired with corporation funds. Arm also alleged that the lease was illegal and should be declared null and void. Terrazas answered the complaint and filed a counterclaim seeking, inter alia, to have title to the property quieted in their name. This was followed by their motion for partial summary judgment which was granted on September 7, 1973.

The main issue on appeal is whether the undisputed facts can, as a matter of law, give rise to the imposition of a constructive trust upon the real property in favor of Arm.

A constructive trust is a remedial device created by courts of equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. *Beatty v. Guggenheim Exploration Co.,* 225 N.Y. 380, 122 N.E. 378 (1919). The gist of the conduct which will lead to the imposition of a constructive trust is the wrongful holding of

property which unjustly enriches the defendant at the expense of the plaintiff. *Brown v. Walls,* 10 Ariz.App. 168, 457 P. 2d 355 (1969).

One facet of the remedy is that the wrongdoing which gives rise to it must be shown to have taken place when title to property was acquired by the wrongdoer. *In re Rose's Estate,* 108 Ariz. 101, 493 P.2d 112 (1972); *Luplow v. Pasqualetti Properties, Inc.,* 101 Ariz. 90, 416 P.2d 414 (1966). See also *Packer v. Donaldson,* 16 Ariz.App. 294, 492 P.2d 1232 (1972); *Duncan v. Leonard,* 251 Ala. 333, 37 So.2d 210 (1948), and *Hunter v. Hunter,* 283 N.E.2d 775 (Ind.1972). The point is stated in *In re Rose's Estate, supra*:

> "A constructive trust arises by operation of law and not by agreement or intention [citations]. It is a remedial device, [citation] used whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress or through any other means which render it unconscionable for the holder of legal title to continue to retain and enjoy its beneficial interest. . . ." Id. 108 Ariz. at 104, 493 P.2d at 115.

In the present case the unimproved lot was purchased by Terrazas with their own money, not with funds belonging to Terri-Flex. No wrongdoing has been shown in connection with this transaction, and for that reason the remedy of a constructive trust is inappropriate. A showing that improvements were subsequently made to the property with funds other than those of the owner may entitle the person or corporation whose funds were used to one or more legal remedies, but the remedy of a constructive trust upon the title to the realty is not one of them.

Appellees have asserted an additional ground for sustaining the judgment of the trial court which relates to whether any claims at all can be asserted by Arm, Inc. in view of the fact that none of the shareholders of the corporation at the time of filing suit were shareholders when corporate funds were allegedly used to construct improvements on the realty. They contend that the "contemporaneous ownership" rule requires present shareholders to have had an interest in the corporation at the time of the alleged wrongdoing, relying upon a line of cases, the most recent of which is *Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Company,* 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974). The principle is set forth in Rule 23.1, Rules of Civil Procedure, relating to derivative actions by shareholders. While the rule may have application in this case, we note that the issue comes to us with procedural infirmities. It was, in the first place, not squarely presented to the trial court in the motion for partial summary judgment and therefore not decided by it.[1] Consequently, the issue, though briefed by both appellant and appellees, is not one which we believe should be reviewed at this time in view of our holding regarding the theory of a constructive trust.

Finally, appellant contends that it was error for the trial court to enter summary judgment because there were genuine issues of material fact presented. It argues that funds belonging to Terri-Flex were used to purchase the *real* property, yet this assertion in support of its constructive trust theory is neither alleged in its complaint nor borne out by any evidence. It is therefore not an issue of material fact concerning which a dispute may be found in the record.

The judgment of the trial court is affirmed.

OGG, P. J., and DONOFRIO, J., concur.

---

1. The issue was raised by Terrazas in their memorandum supporting partial summary judgment; however, it was based upon anticipation that Arm, Inc. would challenge the acquisition by Terrazas of the title to the real property, as distinguished from the improvements which were made upon it. Since Arm did not make this contention after all, the trial court did not rule upon it and it thus was not a direct issue on appeal.