**In re Robert A. HAMMON, Debtor.**

**Chris CANZONE, dba C & C Signs, Appellant,**

v.

**Robert A. HAMMON, Denise Lamaute, Trustee, and U.S. Trustee, Appellees.**

BAP No. CC–94–1118–HMeV.
Bankruptcy No. LA 93–34840 SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 17, 1994.

Decided Jan. 31, 1995.

Amended Opinion April 13, 1995.

Michael J. Migan, Anaheim, CA, for appellant.

Robert A. Hammon, Claremont, CA, in pro. per.

Before HAGAN, MEYERS and VOLINN, Bankruptcy Judges.

## AMENDED OPINION

HAGAN, Bankruptcy Judge:

Creditor, Chris Canzone ("Canzone"), dba C & C Signs, appeals the bankruptcy court's order denying his motion for relief from stay to attach a cash deposit posted by the debtor.

We affirm the bankruptcy court's order and remand for further proceedings regarding distribution of the cash deposit.

### Background

The debtor, Robert Hammon, is a general contractor licensed in California. California law requires general contractors to either post a bond or make a cash deposit with the licensing board to insure payment of certain claims made against the contractor. In the event a contractor's license is terminated, the bond may be canceled, or, in the case of a deposit, any unclaimed cash may be returned to the contractor. The debtor elected to make a cash deposit of $5,000.00 rather than post a bond.

On or about September 9, 1991, the debtor hired Canzone as his subcontractor to provide a sign for one of the debtor's clients. Canzone installed the sign, but the debtor did not pay him the balance owing under the agreement.

Subsequently, the debtor filed a petition for relief under Title 11 of the United States Code. The debtor included the cash deposit in his list of assets.

Canzone moved for relief from the automatic stay on the grounds the cash deposit was not part of the bankruptcy estate. The bankruptcy court held the deposit was property of the estate and denied Canzone's motion for relief.

### Standard of Review

The appellant does not contest the bankruptcy court's factual findings. Rather the appellant contends the bankruptcy court misapplied the law. Conclusions of law are reviewed *de novo*. *Brady v. Andrew (In re Commercial Finance Corp.)*, 761 F.2d 1329, 1333 (9th Cir.1985). Therefore, the standard of review for this appeal is *de novo*.

### Discussion

■ Canzone's sole ground for relief from stay is his assertion that the cash deposit is not property of the estate.

Canzone cites numerous cases in support of the proposition that surety bonds are not

property of the estate. *See Bonjour, Gough & Stone v. Pacific Employers Insurance Co. (In re Buna Painting & Drywall Co., Inc.),* 503 F.2d 618 (9th Cir.1974) (holding that because a contractor is never entitled to the penal sum due under the bond, the bond is not part of the contractor's bankruptcy estate).[1] *In Buna Painting & Drywall Company, Co., Inc.,* the Ninth Circuit Court of Appeals reasoned that a contractor's bond posted by a debtor pursuant to California Business And Professions Code § 7071.6 and 7071.9 is not part of the bankruptcy estate because:

> Under § 7071.5, those bonds are essentially third-party beneficiary contracts, the penal sum protecting certain specified classes of people who are harmed in specified ways in dealing with the contractor. The contractor is never entitled to the penal sum—he never has a property interest in the bonds.

*In re Buna Painting & Drywall Company, Inc.,* 503 F.2d at 619.

The other cases cited by Canzone also rely on the fact the debtor never has a right to the proceeds of the bond. However, as Canzone's attorney conceded to the bankruptcy court, the debtor has a residual interest in the cash deposit. It is for this very reason the Ninth Circuit Court of Appeals has twice held that cash deposits, unlike bonds, are property of the estate. *See Kennedy v. Powell,* 366 F.2d 346 (9th Cir.1966), *cert. denied,* 386 U.S. 910, 87 S.Ct. 858, 17 L.Ed.2d 783 (1967) (interpreting Bankruptcy Act); and *Butler v. Pacific Nat'l Ins. Co.,* 375 F.2d 518 (9th Cir.1967) (interpreting the Bankruptcy Act).

An Arizona bankruptcy court recently considered whether *Kennedy v. Powell* and *Butler v. Pacific National Insurance Company*

remain good law under the Bankruptcy Code. *Ray Lumber Company v. Legend Homes, Inc. (In re Legend Homes, Inc.),* 69 B.R. 797 (Bankr.D.Ariz.1987). In *Legend Homes,* a creditor argued that a cash deposit, made with the Arizona Registrar of Contractors and pursuant to A.R.S. § 32–1152, was not property of the estate.[2] The creditor attempted to distinguish *Kennedy* and *Butler* on the grounds these cases were decided under the Bankruptcy Act. The *Legend Homes* court first noted that the definition of "property of the estate" found in 11 U.S.C. § 541 was intended to be more expansive than the definition found in the Bankruptcy Act. The court then held that because the debtor had a residual right to the cash deposit, the deposit was property of the estate.

As the Ninth Circuit Court of Appeals has explained:

> [T]here are cogent reasons for retaining the cash deposit/surety bond distinction for purposes of bankruptcy law. In the case of a cash deposit, the contractor puts up his own property to guarantee his performance on commercial or personal services contracts. By contrast, a contractor who instead posts a bond interposes a third-party surety between himself and contract claimants; the surety essentially agrees, in exchange for the contractor's promise of indemnification or, as here, a lien on the contractor's assets, to pay the claims of contract creditors out of the surety's own funds in an aggregate amount up to the limits of the bond in the event of the contractor's breach.
>
> The basic difference is in the party, the contractor or the surety, who puts its property directly at risk of liability to creditors in the event of nonpayment by the contractor.

---

**1.** *See also Ohio v. Mansfield Tire and Rubber Company (In re Mansfield Tire and Rubber Co.),* 660 F.2d 1108, 1115 (6th Cir.1981) (debtor could not claim legal or equitable interest in bonds); *Globe Const. Co. v. Oklahoma City Housing Authority,* 571 F.2d 1140, 1143 (10th Cir.1978), *cert. denied,* 439 U.S. 835, 99 S.Ct. 117, 58 L.Ed.2d 131 (1978) (bankruptcy court had no jurisdiction to enjoin in personam action against guarantor of bond secured by mortgage upon property owned by the debtor); *Fintel v. Oregon (In re Fintel),* 10 B.R. 50, 51 (Bankr.D.Or.1981) (auto-

matic stay does not stay action against bond because bond is not "property of the estate."); *McLean Trucking Co. v. California Dept. of Industrial Relations (In re McLean Trucking Co.),* 74 B.R. 820, 826 (Bankr.W.D.N.C.1987) (automatic stay does not affect bond because bond is not part of the estate).

**2.** A.R.S. § 32–1152 is strikingly similar to California Business and Professions Code §§ 7071.6 and 7071.9.

*O'Malley Lumber Co. v. Lockard (In re Lockard),* 884 F.2d 1171, 1178 (9th Cir.1989) (holding that surety bonds are not part of the contractor's estate and approving the bankruptcy court's reasoning in *In re Legend Homes, Inc.*).

Here, the debtor put up his own money as a cash deposit. The debtor continues to have not only a legal interest, but also a residual equitable interest in the cash deposit. Therefore, the cash deposit is property of the estate.

■ However, while the cash deposit is a part of the debtor's estate, it nevertheless was committed by the debtor to the State for protection of a certain class of creditors which may include Canzone. Code section 541(d) [3] preserves these creditors' equitable interest in the cash deposit. The *Legend Homes* court dealt directly with this issue, stating:

> Assuming *arguendo* that Arizona law, like that of Wisconsin, creates a "constructive trust" for a statutorily defined class of claimants, relief in the form requested by this Movant may still be inappropriate. In this jurisdiction a constructive trust is "a remedial device created by courts of equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." *Arm, Inc. v. Terrazas,* 24 Ariz.App. 441, 539 P.2d 915, 916 (App.1975). Under this theory, those funds currently held by the Arizona State Registrar of Contractors constitute a property interest justly belonging to the class of claimants, not just one claimant. Applying the "constructive trust" theory, the funds should be distributed pro rata to all of the members of the class of claimants eligible for payment under the statutory scheme.

*In re Legend Homes, Inc.,* 69 B.R. at 800, citing *Butler v. Pacific National Insurance Co.,* 375 F.2d 518 (9th Cir.1967).

We therefore affirm the bankruptcy court decision, but remand for further proceedings regarding distribution from the cash deposit

to those creditors who may, pursuant to California law, have an equitable interest therein.

---

**3.** 11 U.S.C. § 541(d):

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.