LAWLEY et ux v. HICKENLOOPER et al.

No. 4200.    Decided December 10, 1924.    Rehearing Denied January 3, 1925.    (231 Pac. 821.)

1.  TRUSTS—CREDITS AND CHARGES ON ACCOUNT BETWEEN CON-
    STRUCTIVE TRUSTEE AND CESTUIS HELD PROPER.  Constructive
    trustee *held* properly credited, on accounting to cestuis, with

    See (1) 39 Cyc. pp. 332, 336, 337, 378, 478, 479, 480; (2) 39 Cyc.
p. 324; (3) 39 Cyc. p. 501; (4) 39 Cyc. pp. 504, 532, 533, 536; (5) 39
Cyc. p. 336.

amounts paid them for property by his grantor, and by himself for release of mortgage, taxes, fire insurance, and repairs, and properly charged with money received on sale of different parcels of property and with rent.

2. TRUSTS—EXTENT OF TRUSTEE'S LIABILITY FOR RENTS STATED. Liability for rent under implied, resulting, constructive, or other trusts, not imposing duty of renting property on trustees, is confined to rents actually received or benefit enjoyed from using property themselves.

3. TRUSTS—AMOUNT CHARGED AGAINST TRUSTEE FOR RENT HELD NOT SUPPORTED BY EVIDENCE. Finding charging trustee with only $175 as rental of house occupied by him held not supported by evidence, which showed his occupancy of one or more buildings, reasonable rental value of three of which was $25 per month, and of one $15 a month, for about four years.

4. TRUSTS—CESTUIS HELD NOT ENTITLED TO COMPLAIN OF FINDING AS TO AMOUNT OF IMPROVEMENTS ON LAND BY TRUSTEE. Cestuis not objecting to testimony as to amounts expended by defendant trustee in making improvements on land, but proceeding on theory that he was entitled to credit for whatever had been expended, and electing by supplemental complaint to have property impressed with trust, instead of proceeding against trustee for value thereof, could not complain of court's finding, supported by testimony, as to amount of such improvements.

5. TRUSTS—TRUSTEE'S EXPENDITURES IN REPAIRING AND IMPROVING PROPERTY PROPERLY DECLARED LIENS THEREON. Trustee's expenditures in repairing and improving property held properly declared liens thereon.

Appeal from District Court, Seventh District. Carbon County; *Geo. Christensen*, Judge.

Action by W. H. Lawley and wife against W. A. Hickenlooper and others. From judgment settling account, plaintiffs appeal.

AFFIRMED in part, REVERSED in part, and REMANDED, with directions.

*F. W. James*, of Salt Lake City, for appellants.

*Geo. J. Constantine,* of Moab, and *F. E. Woods,* and *L. A. McGee,* both of Price, for respondents.

GIDEON, J.

This is a second appeal. The facts out of which the litigation grew are stated in some detail in the opinion on the former appeal. *Lawley* v. *Hickenlooper,* 61 Utah 298, 212 P. 526.

The action was originally brought to obtain a decree of court declaring that the defendant Sheya held the legal title to certain real estate described in the complaint in trust for plaintiffs. The trial court dismissed the action, and the matter was brought to this court on appeal by plaintiffs. The judgment of this court reversed the lower court and adjudged that Sheya held the legal title to the property in trust for plaintiffs.

It appeared from the record in the former case that Lawley and wife conveyed the property to one Hickenlooper, who thereafter conveyed to Sheya. The cause was remanded to the district court, with directions to take an accounting between the parties and "in adjusting the rights of the parties the district court should credit the respondents with all amounts expended in satisfying the mortgage and other liens against the property at the time of the conveyance by appellants and such amounts necessarily expended in improving and repairing the property upon the premises, in short, to take an accounting and do justice between the parties." Such an accounting was had, and from the judgment settling the account between the parties and determining that certain amounts should be liens upon the premises, the plaintiffs, Lawley and wife, again appeal to this court.

After the remittitur on the former appeal was filed with the clerk of the court below, plaintiffs filed what is designated a "supplemental complaint." In that complaint additional parties are brought into the case as defendants. It is alleged in the supplemental complaint that after filing the

lis pendens at the date the original action was instituted, Sheya conveyed certain of the property to one John Tollitti. It also appears from the supplemental complaint that Sheya conveyed to one Golding certain of the property conveyed to him by Hickenlooper and received in exchange certain farm lands located in Carbon county. It is then sought to have this farm properly adjudged to be held in trust and to be impressed with a trust in favor of plaintiffs. The supplemental complaint then sets out other pieces of property which plaintiffs had originally conveyed to Hickenlooper, and to which it is alleged Sheya, at the time of filing the supplemental complaint, held legal title, and alleges that he then held the same in trust for plaintiffs.

Answers were filed by these several defendants. The answers deny certain rights claimed by plaintiffs and allege affirmative defenses. After judgment was entered upon the accounting, an adjustment was had between plaintiffs and the defendants Tollitti and wife. The only controversy here is between the plaintiff and Sheya.

Counsel for both plaintiffs and Sheya seem to have proceeded upon the theory that Sheya was entitled to have credit for whatever amounts had been expended in repairing or improving any of the premises, regardless of whether such improvements or repairs enhanced their value or added to their convenience. Testimony was introduced without objection as to money spent by Sheya which could not possibly have added value to the premises. To illustrate: Sheya was permitted to testify that in disposing of property which he had received from Hickenlooper, he was required to have abstracts of the several pieces, and for those abstracts the sum of $110 was expended by him.

The court, in its findings, segregated the amounts chargeable against plaintiffs on separate pieces of property for improvements made on those particular properties. Also for the payments of incumbrances existing at the time Lawley and wife conveyed to Hickenlooper. In stating the account between plaintiffs and Sheya as applying to the premises located in Price city and which was part of the premises

conveyed to Sheya by Hickenlooper, the court credited Sheya with $20 paid to Lawley by Hickenlooper, $1,700 paid by Sheya to Dr. Fisk for release of a mortgage existing against the property, $148.78 for taxes, and $48.75 for fire insurance paid by Sheya. These items, without question, are proper charges to be made against plaintiffs and to be credited to Sheya. In that statement of account the court also credited Sheya with the sum of $1,465 for repairs made by him upon these particular premises. It must be stated that some of the items making up the sum allowed for repairs are not established by very satisfactory evidence. However, there was no testimony offered by the plaintiffs that would authorize or justify this court in holding that the court's finding is against the weight of the evidence. The court in the statement also charged against Sheya certain items for money which he had received for the sale of different parcels of the property in controversy and also charged him with the sum of $250 as rent. The items for the sale of property were the amounts which Sheya testified he had received for such properties. There was no testimony that the amounts received were the reasonable market value of the properties sold. However, no objections were or are made by plaintiff's counsel respecting those items.

The assignment of errors assails the court's finding as to the amount of rent received by Sheya. There was testimony as to the reasonable rental value of the several premises; also, there was testimony that much of the time the premises had not been rented, and that the sum of $250 was approximately the amount which had been received. Both counsel for plaintiffs and counsel for Sheya agree that Sheya held this property as a constructive trustee. "The liability of implied, resulting, constructive, or other trusts which do not impose any duty of renting the property on the trustees is confined to the rents which they actually receive or the benefit which they have enjoyed from using the property themselves." 39 Cyc. 324.

The court found that Sheya had occupied one of the

houses located upon the premises and charged him with the sum of $175 as rental of the property so occupied. That finding is assailed as not being supported by any evidence and as being against the great weight of the evidence. It appears without dispute that Sheya resided in one or more of the buildings on the premises and thus occupied a house for a period of approximately four years. It also appears from the testimony that the reasonable rental value of each of the several houses was $25 per month, except one, the reasonable rental value of which was $15 per month. It thus appears that the court's finding of $175 is not supported by the testimony. On the contrary, the testimony supports a finding of a much larger amount.

In the statement as to the improvements made upon the farm property, the testimony was introduced without objection as to the amounts expended by Sheya in repairing buildings on the farm, in constructing a fence, and in laying water pipes to carry water to the premises. There was some evidence tending to contradict the statements of Sheya as to what the actual improvements were and the cost of the same; but there was testimony to support the court's finding as to the amount of such improvements, and, as stated elsewhere herein, counsel for plaintiffs proceeded upon the theory that if the money had been expended Sheya was entitled to credit for whatever had been expended. Plaintiffs' counsel elected by the supplemental complaint to have the farm property impressed with the trust rather than to proceed against him for the value of the property so alienated. Plaintiffs had the right of such election. 39 Cyc. 532.

The court's findings, with the exception of the amount against Sheya for rent of the premises occupied by him, are affirmed. The decree of the court in making the expenditures of Sheya, in repairing and improving the property, liens upon the property, was clearly right and is approved. The case will therefore be remanded to the district court, with directions to take further testimony as to the actual time that Sheya occupied the premises and as to the reasonable rental value of the premises so occupied

for such time, and to credit that amount against the amount that has been found to be due Sheya from plaintiffs. In all other respects the findings and decree of the court are affirmed. Neither party will be awarded costs on appeal.

WEBER, C. J., FRICK, and CHERRY, JJ., and Mc-CREA, District Judge, concur.

THURMAN, J., did not participate herein.

On Application for Rehearing.

PER CURIAM. Appellants, in a petition for rehearing, urgently insist that this court has affirmed an order or judgment of the lower court not supported by any finding of fact, particularly that part of the judgment relating to the amount of rental respondent Sheya had received both from the farm in controversy and the residence properties located at Price. The testimony on these issues is somewhat indefinite, as well as on the issues of the value of the improvements made. There is some merit in the contention that the trial court's findings respecting the amount of rent actually paid to and received by Sheya both for the farm and the residence properties is indefinite. We have therefore concluded to modify the former order remanding the cause to read as follows: The cause will therefore be remanded to the district court, with directions to take further testimony as to the actual time Sheya occupied the premises and as to the reasonable rental value of the premises so occupied for such time, and to credit that amount against the amount that has been found to be due Sheya from plaintiffs; to also hear further testimony, if offered, by either or both parties as to the actual rental received, whether in money or property, by Sheya for the use of the farm or for the rental of the residences located at Price. The court can then make definite findings respecting the rental received both from the farm and the residence properties, and if the proof justifies a greater amount than indicated in the findings as now made, appellants should be credited with such amount.

Rehearing denied.