546 P.2d 352

TUCSON ESTATES RESIDENTS ASSOCIA-
TION, a nonprofit Arizona Corporation,
Warren Curtis Yates, Jr., and Lois H.
Yates, husband and wife, Albert W. Servold
and Shirley Servold, husband and wife, M.
J. Woodruff, William J. Bradley, Mrs. Roy
D. Much, Byron L. Howard, Timothy A.
Leahy, Robert G. Taylor, Erma F. Leach,
Gary Beney, Marilee Michaels, Anita M.
Schlecht, Mrs. Loran C. Jay, Joseph E.
Farmer, Robert R. Hunt, Mrs. Ruby Case,
Donald J. LaFramboise, Clarice E. McFad-
din, J. Ross Fountain, James M. Howe,
Jessy L. Gunter, Axel Gustafson, G. L.
Wakefield, Marvin O. Williams, on behalf
of themselves and all others similarly sit-
uated, Appellants,

v.

MOBILIFE CORPORATION, a Michigan
Corporation, Appellee.

No. 2 CA–CIV 1943.

Court of Appeals of Arizona,
Division 2.

Feb. 27, 1976.

Rehearing Denied March 30, 1976.

Risner, Wolf & Raven by William J.
Risner, Tucson, for appellants.

Billy, Thompson, Shoenhair & Warnock,
P.C. by Marvin S. Cohen, Tucson, for ap-
pellee.

OPINION

HOWARD, Chief Judge.

Tucson Estates is a mobile home subdivi-
sion in Pima County. The individual ap-
pellees are lot owners in the subdivision.
As various units in the area were subdivid-

ed, declarations of restrictions were recorded prior to the sale of any lots. Typical is the following provision which deals with lots 1 through 193:

"The area now or hereafter designated on the plat of said subdivision as Block 1, parking area, streets, driveways, passageways and walkways (herein in this paragraph referred to as 'areas') except Kinney Road shall remain the property of the Company. Each owner of any lot of lots 1 through 192 inclusive in said subdivision shall have the right to use the areas under and in accordance with such rules and regulations as may from time to time be prescribed by the Company and not otherwise. The owner of each such lot not owned by the Company shall pay to the Company as compensation for the privileges herein granted or utilized such amount as may be assessed ratably against said owner by the Company each month. The amount so assessed shall be an amount sufficient to provide a fair and reasonable return on the Company's investment; provided, however, that the aggregate amount so assessed per lot shall not at any time exceed $150.00 per year; provided further that this maximum may, at Company's option, be increased in the same proportion as the cost of living index of the U.S. Department of Labor increases above such index on the date of recording these restrictions. . . ."

A dispute arose between the parties when appellants concluded that appellee was assessing more money than appellants thought was necessary, culminating in the filing of this suit.

The complaint is in two counts: Count One alleges that these restrictions create a fiduciary relationship by which appellee holds the streets, driveways and recreation areas as a constructive trustee for the lot owners. It asks for an order declaring all maintenance funds collected by appellee to be held in trust, an accounting of the maintenance fee receipts and expenditures, and recovery of alleged misapplication of maintenance fees.

Count Two alleges appellee deceived the lot purchasers by misrepresenting that the maintenance fees would only be used for maintenance and that appellee would not make a profit or charge more than necessary for maintenance expenses.

Appellee moved to dismiss for failure to state a claim or in the alternative for summary judgment on both counts. Appellants resisted the motion. Appellee filed affidavits concerning the amount of money collected from the lot owners and expended for the maintenance of the common areas. Appellants filed an affidavit by an accountant to the effect that he had been sent a fixed asset summary and payroll records of appellee and that this information was not complete enough for him to form a conclusion as to the truthfulness of the affidavits filed by appellee. The trial court granted summary judgment on Count One but denied appellee's motion as to Count Two. Appellants, however, stipulated to the dismissal of Count Two without prejudice.

Appellants contend the court erred since there was a genuine issue concerning material facts and on the further ground that the law of constructive trusts does not support a judgment for appellee as a matter of law. We do not agree.

■ In their opening brief appellants argue that factual issues exist concerning alleged representation by appellee's salesmen that the maintenance fee would only be used to maintain common areas and that appellee would not make a profit. These allegations are contained in Count Two only and there were no affidavits filed to support this contention. Appellants therefore cannot rely on such allegations as far as the granting of summary judgment on Count One is concerned. The dismissal of Count Two removed these alleged factual issues and the only issue is one of law, to-wit; the effect of the deed restrictions.

■ A constructive trust will arise whenever circumstances make it inequita-

ble that the property should be retained by the one who holds legal title. *King v. Uhlmann,* 103 Ariz. 136, 437 P.2d 928 (1968); *Markel v. Phoenix Title & Trust Co.,* 100 Ariz. 53, 410 P.2d 662 (1966). There is no showing in this case of inequitable conduct. The deed restrictions give appellee the right to assess an amount sufficient "to provide a fair and reasonable return on the Company's investment", and does not require application of the funds solely for maintenance purposes.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.