613 P.2d 1298

**Clay Martin HARMON, Petitioner/Appellant,**

v.

**Patricia C. HARMON, Respondent/Appellee.**

**No. 2 CA–CIV 3493.**

Court of Appeals of Arizona, Division 2.

June 24, 1980.

Morrison & Morrison by Robert Morrison, Sierra Vista, for petitioner/appellant.

Haythornewhite & Drake by James F. Haythornewhite, Nogales, for respondent/appellee.

OPINION

HOWARD, Judge.

Appellant-husband filed a complaint for legal separation in which he alleged that certain property, which we will refer to as the Ranch, was community property. He further alleged that he gave appellee-wife $100,000 in cash ". . . upon an agreement with Respondent [the husband] that said $100,000.00 would establish a 50% interest in the above described property [the ranch]." In his prayer for relief he asked for an award in the sum of $100,000.

The wife answered the complaint, denied that the husband ever gave her the $100,000 and counterclaimed for divorce.

Pursuant to Rule 38(a) and (c), Arizona Rules of Civil Procedure, 16 A.R.S., and at the husband's request, the issue of the $100,000 was tried by a jury which denied the husband any relief.

The husband contends the trial court erred in two instances. First, by denying his motion for change of judge and second, by erroneously instructing the jury on the degree of proof needed to prove his claim. We reverse.

[1] Before a person is entitled to a change of judge as a matter of right, he must file a written notice 20 or more days prior to the trial date. Rule 42(f)1.(A). The husband's notice was untimely filed.

He contends that since he made two prior timely informal requests, which the trial judge apparently ignored, his written notice should be deemed timely filed. We do not agree. The rule is clear and compliance is necessary for a change of judge as a matter of right.

At trial it was shown that the wife had sold the Ranch. The trial court was of the opinion that the husband was seeking damages for the breach of a constructive trust and instructed the jury that the husband had to prove his claim by clear and convincing evidence. The husband contends that this instruction was erroneous because the action before the court was for either separation or dissolution of the marriage requiring only proof by a preponderance of the evidence. He also contends that he was not trying to impose a constructive trust on the Ranch property.

The husband testified at trial that he gave the wife $100,000 in cash which she was to use to pay for one-half of the Ranch. His name was on the offer which was accepted by the buyers but prior to the closing of the sale he signed a disclaimer deed. He contends he did not know the nature of the deed because he did not, at that time, know how to read or write and only learned to do so since then.[1]

■ A constructive trust is a remedial device created by courts of equity to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs. The gist of the conduct which will lead to the imposition of a constructive trust is the wrongful holding of property which unjustly enriches the defendant at the expense of the plaintiff. A constructive trust arises by operation of law and not by agreement or intention. It is a remedial device, used whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress or through any other means which render it unconscionable for the holder of legal title to continue to retain and enjoy its beneficial interest. *Arm, Inc. v. Terrazas,* 24 Ariz.App. 441, 539 P.2d 915 (1975).

■ In Arizona the proof necessary to establish a constructive trust is clear and convincing evidence. *King v. Uhlmann,* 103 Ariz. 136, 437 P.2d 928 (1968); *Smith v. Connor,* 87 Ariz. 6, 347 P.2d 568 (1959).

The reason courts require clear and convincing evidence is stated in Bogert, Trusts Sec. 472 at 49–50 et seq.:

"These statements reflect judicial caution in accepting oral evidence which is intended to contradict absolute conveyances in deeds and wills and overturn record titles. The Statute of Frauds has no application to the proof of a constructive trust. By the eighth section of the English statute, which is universally in effect in this country, trusts arising 'by the implication or construction of law' may be proved by oral evidence or by documents not signed by the party enabled to declare the trust. This naturally opens the door to attacks on record titles and on transfers which on their faces are absolute. The importance of security of titles leads the courts to be very cautious in their acceptance of petitions for constructive trusts. . . .'"

■ Even though a person may have a claim for the imposition of a constructive trust, there is no requirement that he enforce it.[2] One who has a right to impress a

1. There was a great deal of evidence which proved that he did know how to read and write at the time he signed the disclaimer.

2. Dobbs, Remedies Sec. 4.3 at 247 sets forth the reasons why a person may prefer to impose a constructive trust. (1) It permits him to recover specific property. (2) He may recover specific property from a third person who is not a bona fide purchaser for value. (3) The tracing feature of the constructive trust may permit him to reach property otherwise exempt from the reach of creditors. Dobbs, Sec. 4.3 at 242 also points out that imposition of the trust may allow him to obtain not merely what he lost, but perhaps, a considerable profit.

trust upon property may have an election of remedies. *Lawley v. Hickenlooper,* 64 Utah 543, 231 P. 821 (1924). A person who has been unjustly enriched at the expense of another is required to make restitution to the other. Restatement, Restitution Sec. 1 at 359–366. And see, Dobbs, Remedies Secs. 4.1 and 4.2. One seeking restitution may obtain a judgment at law or a decree in equity for the payment of money. Restatement, Restitution Sec. 4 at 367. The husband was not asking for the imposition of a constructive trust but was instead claiming that he gave his wife $100,000 for an interest in land which he did not receive and therefore she was unjustly enriched. Since he was not seeking to impose a constructive trust the court erred in instructing the jury that his burden of proof was by clear and convincing evidence. Assuming arguendo that the action was in equity and the jury was advisory it is clear that the trial court was under a misconception of the governing law. *Gallegos v. Garcia,* 14 Ariz. App. 85, 480 P.2d 1002 (1971).

The judgment is reversed and the cause is remanded for further proceedings.

HATHAWAY, C. J., and RICHMOND, J., concur.