# THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

MARY MARSH, individually; ACHEN CONTRACTORS, LLC, an
Arizona Limited Liability Company; ACHEN-GARDNER
ENGINEERING, LLC, an Arizona Limited Liability Company; ARENA I
LIMITED PARTNERSHIP, an Arizona limited partnership; JOHN
ARENA, as Trustee of the Farm Managers, Inc., PSP&T; SYLVIA ARENA,
individually; MERLE R. ARLEN, as Trustee of the Merle and Norma
Arlen Family Trust Dated January 6, 1997; MERLE R. ARLEN,
individually and as the owner and beneficiary of the Merle R.
Arlen IRA Rollover; THOMAS BERLINGER and CATHERINE
BERLINGER, husband and wife; BRUCE DENNIS BUCKLEY and ALIVIA
VIRGINIA BUCKLEY, as Trustees of The Bruce Dennis Buckley and
Alivia Virginia Buckley Revocable Living Trust Dated
June 4, 1985; BRUCE D. BUCKLEY, individually and as the owner and
beneficiary of the Bruce Dennis Buckley IRA; THOMAS A. BUSH and
JOANNE M. BUSH, husband and wife; C&D TRADING, INC., a
Nevada corporation; KAREN RUDEL CLEEVES-ESTABROOK, as Trustee
of the Karen Rudel Cleeves-Estabrook Revocable Trust dated
May 23, 2002; MELVIN L. DUNSWORTH JR., as Trustee of The
Revocable Living Trust of Melvin Dunsworth, Jr. Dated December 23,
2003; ENERGETICS, INC., an Arizona Corporation; JOHN
GREENBANK, as trustee for Energetics, Inc. Restated Profit
Sharing Plan; VALENTINE EYTAN, individually; DOUGLAS and
SHARLENE GARDNER, individually and as husband and wife;
DOUGLAS GARDNER, individually and as the owner and beneficiary of
the Douglas D. Gardner IRA; SHARLENE GARDNER, individually and
as the owner and beneficiary of the Sharlene K. Gardner IRA; WENDELL
J. GARDNER, individually and as the owner and beneficiary of the
Wendell J. Gardner IRA; WENDELL J. GARDNER and PAULINE M.
GARDNER, as Trustees of the WPG Revocable Trust dated May 23,
2002; GARDNER CAPITAL PARTNERS, LP, an Arizona limited
partnership; ADAM GILBURNE and RONDA GILBURNE, husband and
wife; ADAM GILBURNE, as Trustee for The Adam and Rhonda Gilburne
Family Trust U/T/A Dated June 20, 2006; RONDA GILBURNE, as
Trustee for The Adam Gilburne Irrevocable Trust For The Benefit Of
Jillian Gilburne; GOLDEN LENDING GROUP, LLC, an Arizona limited

liability company, f/k/a PENNY HARDAWAY INVESTMENTS, LLC; BONNIE GREENBANK, individually and as the owner and beneficiary of the Bonnie Greenbank IRA; BONNIE GREENBANK, as Trustee for Bonnie L. Greenbank Family Trust; THELMA A. GROSS, SUSAN L. ARENSON and MARC AMDUR GROSS as co-trustees of the Thelma Gross Trust dated March 11, 2014; THELMA A. GROSS, SUSAN L. ARENSON, and MARC AMDUR GROSS as co-trustees of the T & J Gross Trust; THELMA GROSS, individually; DELERY GUILLORY and KATHY GUILLORY, husband and wife; DELERY GUILLORY, individually; KATHY GUILLORY, individually and as the owner and beneficiary of the Kathy Guillory IRA account for which the Colonial Trust Company is Custodian and the Kathy Guillory IRA for which the First Trust of Onaga is Custodian; INVESTOR CLOUT, an Arizona Partnership; JSM FAMILY VENTURES, LLLP, an Arizona Limited Liability Limited Partnership; ALI G. KHAN, as Custodian for J.S. Khan; LISA KHAN, as Custodian for A.E. Khan, under the Uniform Gift to Minors Act; LISA KHAN, as Custodian for A.N. Khan, under the Uniform Gift to Minors Act; LISA KHAN, as Custodian for T.M. Khan, under the Uniform Gift to Minors Act; ALI KHAN and LISA KHAN, husband and wife; EVALINA LAYNE, as Trustee of the Wesley R. and Evalina O. Layne Family Trust; EVALINA LAYNE, individually and as the owner and beneficiary of the Evalina Layne IRA; LEAH L. LEWIS, as Trustee of the Leah L. Lewis Trust Dated February 23, 2000; LEAH L. LEWIS, individually and as the owner and Beneficiary of the Leah L. Lewis IRA; WILLIAM C. LEWIS, as Trustee of the William C. Lewis Trust Dated August 1, 1989, as amended; BARBARA LUKAVSKY, individually; LYNTON R. LESLIE; as Trustee of the Lynton R. Leslie and Rae D. Leslie Revocable Trust; STEPHEN MAYNE and LINDA MAYNE, husband and wife; MAYNE AND COMPANY DEFINED BENEFIT PENSION PLAN; DONNA J. MCGREGOR, individually; CHUCK NIDAY, as Trustee of the Ross Verne Family Trust, a Revocable Living Trust, dated January 18, 2007, and any supplements thereto; JEROME NOSANCHUK, individually; JOSHUA NOSANCHUK and PATRICIA L. MURPHY, husband and wife; SARA NOSANCHUK, individually; RICHARD J. PRINZ and CATHERINE T. PRINZ, husband and wife; YVONNE QUINTAL, individually; LINDA REEVES, as Trustee for The Linda Reeves Trust; RMA RENTAL AND LEASING LLP, an Arizona limited liability partnership; ROBERT RODEN, as Trustee of the Robert G. Roden Living Trust; MARCELO ROMANO, individually and as the owner and beneficiary of the Marcelo A. Romano IRA; THE MARCELO ROMANO AND JEANETTE ROMANO FAMILY LIMITED LIABILITY PARTNERSHIP, NUMBER ONE, an Arizona limited liability partnership; DAVID ROSENTHAL, individually; MORTON M. SCULT, as Trustee of the Morton M.

Scult, PC Money Purchase Pension Plan; SUMAR INVESTMENT COMPANY, an Arizona general partnership; ROBERT L. TAYLOR and BONNIE TAYLOR, as Trustees of The Taylor Loving Trust; ROBERT L. TAYLOR, as Trustee of the Robert L. Taylor, DDS, PC Profit Sharing Plan & Trust; RICHARD K. UNDERWOOD, as Trustee of the Richard K. Underwood Revocable Trust Dated October 31, 1995, as Amended; JOHN VINSON and TAEKO VINSON, as Trustees for the John Charles Vinson Family Trust, dated December 3, 1984, as amended; DAVID WACKNOV, individually and as the owner and beneficiary of the David Wacknov IRA and the David Wacknov Roth IRA; CHRISTINE WACKNOV, individually and as the owner and beneficiary of the Christine Wacknov IRA and the Christine Wacknov Roth IRA; DON WATKINS and CHRISTINE WACKNOV, individually and as joint tenants with right of survivorship; LEANORE WIRTZ, as Trustee for The Leanore Wirtz Living Trust Dated February 3, 1993; WMS FIXED INCOME FUND I, LLC, an Arizona limited liability company; WPG FAMILY LIMITED PARTNERSHIP, a Colorado Limited Partnership; DIANA WYKES, individually; DAVID C. ZANECKI and JODY J. ZANECKI, husband and wife and as joint tenants with right of survivorship; DAVID C. ZANECKI, individually and as owner and beneficiary of the David C. Zanecki IRA; CLARA B. ZANIECKI, an individual, by and through her attorney-in-fact, David C. Zanecki,

Plaintiffs/Appellants,

v.

ASHLEY COLES, individually and as Trustee of the Ashley Coles Family Trust; FRANCINE L. COLES, individually and as conservator of Z.A. Coles and S.B. Coles, minors; and HALEY BROOKE COLES; FRANCINE L. COLES, as Trustee of the Coles Children's Irrevocable Trust, U/T/A dated March 3, 2010, an Arizona Trust, for the benefit of Z.A. Coles; FRANCINE L. COLES, as Trustee of the Coles Children's Irrevocable Trust, U/T/A dated March 3, 2010, an Arizona Trust, for the benefit of Haley B. Coles; FRANCINE L. COLES, as Trustee of the Coles Children's Irrevocable Trust, U/T/A dated March 3, 2010, an Arizona Trust, for the benefit of Samuel B. Coles; FRANCINE L. COLES, as Trustee of the FLC Revocable Trust dated July 11, 2003, an Arizona Trust, as amended; FHZS FAMILY LLC, an Arizona limited liability company; DG RESORTS, LLC, an Arizona limited liability company; and NLV HOLDINGS, LLC, an Arizona limited liability company,

Defendants/Appellees.

3

No. 1 CA-CV 14-0407
FILED 11-10-2015

Appeal from the Superior Court in Maricopa County
No. CV2010-097769
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Smith LC, Phoenix
By Steven C. Smith, Richard R. Thomas, Stephen C. Biggs
*Co-Counsel for Plaintiffs/Appellants*

The Spence Law Firm, LLC, Jackson, Wyoming
By G. Bryan Ulmer, III, Mel C. Orchard, III
*Co-Counsel (Pro Hac Vice) for Plaintiffs/Appellants*

Warner Angle Hallam Jackson & Formanek, PLC, Phoenix
By Jerome K. Elwell, J. Brent Welker, Phillip B. Visnansky
*Counsel for Defendants/Appellees Francine L. Coles; Haley Brooke Coles; FHZS Family LLC; DG Resorts, LCC; and NLV Holdings, LLC*

Kercsmar & Feltus PLLC, Scottsdale
By Todd Feltus, Julia A. Guinane
*Counsel for Defendant/Appellee Ashley Coles*

**OPINION**

Judge Patricia K. Norris delivered the opinion of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

**N O R R I S**, Judge:

¶1        The issue in this appeal is whether investors may obtain a constructive trust on life insurance proceeds received by the policy beneficiaries after the death of the insured when the insured allegedly acquired the insurance policies with funds wrongfully obtained through an

4

illegal enterprise and a pattern of unlawful activity under state racketeering statutes. We hold a provision in Arizona's racketeering statute protecting innocent third parties bars the constructive trust requested by the investors. We therefore affirm the superior court's judgment in favor of the beneficiaries.

**FACTS AND PROCEDURAL BACKGROUND**[1]

**¶2**         From at least 2003 until his death in 2008, Scott Coles participated in an illegal enterprise that, through the unlawful sale of real-estate backed securities and money laundering, wrongfully deprived the plaintiff/appellant investors ("Investors") of more than $127 million. The Investors alleged Scott Coles' "confederates" in this illegal enterprise included Greenberg Traurig, LLP, a law firm, and an attorney employed by the firm ("Lawyer Defendants"); Mayer Hoffman McCann, P.C., an accounting and financial auditing firm, and associated entities ("Auditor Defendants"); and Hirsch & Shah, LLC, an accounting firm. According to the Investors, Scott Coles and these "confederates" (collectively, unless specified by name, the "Other Defendants") comprised "an association-in-fact, although not a legal entity."

**¶3**         Scott Coles used proceeds from the illegal enterprise to acquire and maintain life insurance policies that, upon his death, paid out "more than $40 [million]" to his widow, Ashley Coles; his ex-wife, Francine Coles; one of his daughters; and a trust for the benefit of his children, the Coles Children's Irrevocable Trust. Francine Coles formed three limited liability companies to acquire assets with the life insurance proceeds she received, and also transferred $2,520,000 of the proceeds received by the Children's Irrevocable Trust to her personal trust, the FLC Revocable Trust. We refer to the beneficiaries of Scott Coles' life insurance policies and Francine Coles' limited liability companies and personal trust as the "Coles Defendants," and we refer to the life insurance proceeds received by the Coles Defendants and the assets the Coles Defendants acquired with them, collectively, as the "life insurance proceeds."

---

[1]Because the Investors appeal from a dismissal for failure to state a claim, *see generally* Ariz. R. Civ. P. 12(b)(6), we "describe the facts as alleged in the complaint and assume them to be true for purposes of our review." *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345, ¶ 2, 306 P.3d 1, 2 (2013).

¶4 The Investors sued the Other Defendants, alleging, *inter alia*, a civil racketeering ("RICO") claim under Arizona Revised Statutes ("A.R.S.") sections 13-2312 (illegal control of an enterprise), -2314.04 (providing private cause of action to recover damages arising from racketeering activity), and -2317 (money laundering) (2010 & Supp. 2014).[2] The Investors did not allege any of the Coles Defendants knew of, or participated in the alleged wrongful acts. Indeed, the Investors specifically alleged they did not "believe" any of the Coles Defendants "participated in the illegal enterprise." But, because the life insurance proceeds were allegedly proceeds of the illegal enterprise, the Investors asked the superior court to impose a constructive trust on the life insurance proceeds pursuant to A.R.S. § 13-2314.04(D)(6) (2010). Under that subsection, "[a]fter a determination of liability" on the underlying RICO claim, "[a] person or enterprise that acquires any property through an offense included in the definition of racketeering" shall act as "an involuntary trustee" and "hold the property, its proceeds and its fruits in constructive trust for the benefit of persons entitled to remedies under" the other substantive provisions of A.R.S. § 13-2314.04.

¶5 The Coles Defendants and the Other Defendants moved to dismiss the Investors' complaint for failure to state a claim under Arizona Rule of Civil Procedure 12(b)(6). As relevant here, the Coles Defendants argued A.R.S. § 13-2314.04(L), a provision in the RICO statute that protects certain parties from being held "liable in damages or for other relief," barred the court from imposing a constructive trust on the life insurance proceeds.[3]

¶6 Before the superior court ruled on the motions, the Lawyer Defendants settled with the Investors. Accordingly, the superior court entered a stipulated order dismissing all claims against the Lawyer

---

[2]Although the Arizona Legislature has amended certain statutes cited in this decision after the events giving rise to this appeal, these revisions are immaterial to our resolution of this matter. Thus, we cite to the current version of these statutes.

[3]The Coles Defendants also argued A.R.S. § 20-1131(A) (2010), a statute that protects "lawful beneficiar[ies]" of life insurance proceeds from claims asserted by a decedent's creditors, barred a constructive trust. Because we resolve the case based on A.R.S. § 13-2314.04(L), we need not address A.R.S. § 20-1131(A).

Defendants with prejudice and "irrevocably and unconditionally" releasing the Lawyer Defendants from "any and all [c]laims."

¶7        The superior court subsequently dismissed the Investors' RICO claims against Hirsch & Shah and the Auditor Defendants, but it denied their motions as to other claims raised by the Investors against them. The Investors then settled their remaining claims against Hirsch & Shah and the Auditor Defendants.

¶8        "In light of the dismissal of" the RICO claims against Hirsch & Shah and the Auditor Defendants, the superior court granted the Coles Defendants' motions to dismiss the Investors' request for a constructive trust, apparently reasoning that without a viable RICO claim, the Investors had no basis for asking the superior court to impose a constructive trust on the life insurance proceeds pursuant to A.R.S. § 13-2314.04(D)(6).  Thus, the superior court did not address the Coles Defendants' argument A.R.S. § 13-2314.04(L) barred the Investors' request for a constructive trust on the life insurance proceeds.  The superior court also awarded the Coles Defendants attorneys' fees and costs under A.R.S. § 13-2314.04(A).

## DISCUSSION

¶9        The Investors argue that, notwithstanding the dismissal of their RICO claims against the Other Defendants, they could still pursue their request for a constructive trust on the life insurance proceeds received by the Coles Defendants.  In response, the Coles Defendants argue that even if the Investors are correct, we should nevertheless affirm the judgment in their favor because, as they argued in the superior court, A.R.S. § 13-2314.04(L) barred the Investors' request for a constructive trust.  Because the Coles Defendants' argument presents issues of statutory interpretation, we exercise de novo review, and, as explained, we agree the statute barred the Investors' request for a constructive trust.[4]  *See Ariz. Citizens Clean Elections Comm'n v. Brain*, 234 Ariz. 322, 325, ¶ 11, 322 P.3d 139, 142 (2014); *Republic Nat. Bank of N.Y. v. Pima Cty.*, 200 Ariz. 199, 204, ¶ 19, 25 P.3d 1, 6 (App. 2001) (appellate court may affirm ruling on any issue raised below even if unaddressed by superior court).

---

[4]We express no opinion whether, under A.R.S. § 13-2314.04(D)(6), the superior court may impose a constructive trust on property in the hands of an innocent third party in a private RICO action in the absence of any party who was involved in the alleged wrongdoing.

I.      A.R.S. § 13-2314.04(L) Barred a Constructive Trust on the Life
        Insurance Proceeds

¶10         A.R.S. § 13-2314.04(L), in pertinent part, provides:

> A natural person shall not be held liable in
> damages or for other relief pursuant to [A.R.S. §
> 13-2314.04] based on the conduct of another
> unless the fact finder finds by a preponderance
> of the evidence that the natural person
> authorized, requested, commanded, ratified or
> recklessly tolerated the unlawful conduct of the
> other.  An enterprise shall not be held liable in
> damages or for other relief pursuant to [A.R.S. §
> 13-2314.04] based on the conduct of an agent,
> unless the fact finder finds by a preponderance
> of the evidence that a director or high
> managerial agent performed, authorized,
> requested, commanded, ratified or recklessly
> tolerated the unlawful conduct of the agent.

The plain language of this subsection barred the Investors' constructive
trust claim. *See Indus. Comm'n of Ariz. v. Old Republic Ins. Co.*, 223 Ariz. 75,
77, ¶ 7, 219 P.3d 285, 287 (App. 2009) ("Where [statutory] language is plain
and unambiguous, courts generally must follow the text as written.").  As
discussed at *supra* ¶ 3, the Coles Defendants include natural persons and
enterprises.  *See* A.R.S. § 13-2301(D)(2) (Supp. 2014) ("'Enterprise' means
any corporation, partnership, association, labor union or other legal entity
. . . .").  As such, they may be held "liable . . . for other relief," only if "the
fact finder finds by a preponderance of the evidence" they or their agent
"authorized, requested, commanded, ratified or recklessly tolerated the
unlawful conduct" of the illegal enterprise that deprived the Investors of
their monies.  *See* A.R.S. § 13-2314.04(L).  As the Investors alleged no such
conduct, a finder of fact could never make this finding.

¶11         The Investors argue, nevertheless, that A.R.S. § 13-2314.04(L)
is inapplicable because imposing a constructive trust on the life insurance
proceeds does not amount to holding the Coles Defendants personally
"liable for . . . other relief."  The Investors reason that because the right to
a constructive trust "does not depend on the commission of any wrongful
act by the transferee" of property, and "is instead a recognition of the
plaintiff's superior beneficial interest in the property," a constructive trust
"may be enforced against the third-party transferee without holding the

transferee liable for the conduct of the person or enterprise who wrongfully acquired the property." *See Tucson Estates Residents Ass'n v. Mobilife Corp.*, 26 Ariz. App. 83, 84–85, 546 P.2d 352, 353–54 (App. 1976) ("A constructive trust will arise whenever circumstance[s] make it inequitable that the property should be retained by the one who holds legal title."); *see also Simonds v. Simonds*, 58 A.D. 2d 305, 310–11 (N.Y. App. Div. 1977) (right to constructive trust does not depend upon allegation of wrongdoing against putative constructive trustee).

**¶12** While this legal point may be correct in general, it ignores the statutory language at issue here—"liable for . . . other relief." A.R.S. § 13-2314.04(L). The word "liable" is defined to include "[r]esponsible or answerable in law; legally obligated." Black's Law Dictionary (10th ed. 2014); *accord* The American Heritage Dictionary 1008 (4th ed. 2006).[5] By requesting a constructive trust, the Investors sought to hold the Coles Defendants personally "[r]esponsible or answerable in law" for the life insurance proceeds. Black's Law Dictionary (10th ed. 2014). And as we have recognized, a constructive trust is a form of "other relief." *See Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 130, ¶ 23, 272 P.3d 355, 361 (App. 2012) (citing cases; "constructive trust is an equitable remedy"); *see infra* ¶ 30. To agree with the Investors that A.R.S. § 13-2314.04(L) does not apply to their request for a constructive trust would require us to ignore the statute's plain language, which provides, subject to exceptions inapplicable here, that an innocent natural person or enterprise "shall not be held liable in damages or *for other relief*" for the acts of another. (Emphasis added).

**¶13** The Investors also argue we cannot construe A.R.S. § 13-2314.04(L) to bar their request for a constructive trust on the life insurance proceeds because such a construction renders A.R.S. § 13-2314.04(D)(6)'s exception for a bona fide purchaser for value superfluous. In other words, according to the Investors, this construction of A.R.S. § 13-2314.04(L) would "swallow up" the narrower protections afforded by A.R.S. § 13-2314.04(D)(6).[6] *See TDB Tucson Grp., L.L.C. v. City of Tucson*, 228 Ariz. 120,

---

[5]*See Stout v. Taylor*, 233 Ariz. 275, 278, ¶ 12, 311 P.3d 1088, 1091 (App. 2013) ("To determine the ordinary meaning of a word, we may refer to established and widely used dictionaries.").

[6]In connection with this argument, the Investors contend that A.R.S. § 13-2314.04(D)(6) and (L) were enacted at the same time. Although the Investors are technically correct, their reading of the legislative history is too limited. As discussed below, *see infra* ¶¶ 17–18, the language of (D)(6)

123, ¶ 9, 263 P.3d 669, 672 (App. 2011) (appellate court will not interpret a statute in a manner that renders any part "superfluous, void, insignificant, redundant or contradictory" (internal quotation marks omitted) (citation omitted)). Under A.R.S. § 13-2314.04(D)(6), a bona fide purchaser for value who is "reasonably without notice of the unlawful conduct and who is not knowingly taking part in an illegal transaction" cannot be required to serve as an involuntary trustee even if it possesses proceeds acquired through racketeering activity. Because a bona fide purchaser, by definition, does not have knowledge of the unlawful origins of the property it purchases, *see generally First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 218 Ariz. 394, 398, ¶ 12, 187 P.3d 1107, 1111 (2008) ("The term 'bona fide purchaser' is often used to refer to one who purchases property for value and without notice."), a bona fide purchaser could never have "authorized, requested, commanded, ratified or recklessly tolerated the unlawful conduct" of the wrongdoer; and, thus, a bona fide purchaser would always fall within the protection granted in A.R.S. § 13-2314.04(L) as well.

**¶14** We agree with the Investors that both A.R.S. § 13-2314.04(L) and (D)(6) protect a bona fide purchaser. An interpretation of a statute is not improper, though, merely because it acknowledges two subsections may sometimes overlap in their effect. *See Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("Redundancies across statutes are not unusual events in drafting, and so long as there is no 'positive repugnancy' between two laws, . . . a court must give effect to both."); *In re Estate of Nash*, 220 S.W.3d 914, 917–18 (Tex. 2007) ("[T]here are times when redundancies are precisely what the Legislature intended[.]"). While both subsections protect a bona fide purchaser, their core functions and purposes are distinct. *See Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991) ("historical background" and "spirit and purpose" of legislation may be considered in determining legislative intent).

**¶15** The Legislature enacted Arizona's RICO statutes in 1978. 1978 Ariz. Sess. Laws, ch. 204, § 2 (2d Reg. Sess.). As originally enacted, A.R.S. § 13-2314 governed both state and private civil RICO actions. *Id.* In 1985, the Legislature enacted the language found in A.R.S. § 13-2314.04(D)(6), then codified in A.R.S. § 13-2314(E), as part of its efforts to expand RICO remedies to allow recovery of the proceeds of unlawful

first appeared in 1985 while subsection (L) did not appear until 1993, when the Legislature created a separate statute governing private RICO actions.

activity. 1985 Ariz. Sess. Laws, ch. 329, § 3 (1st Reg. Sess.); Senate Fact Sheet, S.B. 1255, 37th Leg., 1st Reg. Sess. (Feb. 18, 1985).[7]

¶16        In reaction to abuses by private plaintiffs seeking significant RICO remedies against defendants who had only oblique relationships to the underlying wrongdoing, in 1993 the Legislature enacted a separate statute to govern private RICO claims, A.R.S. § 13-2314.04. 1993 Ariz. Sess. Laws, ch. 257, §§ 2–3 (1st Reg. Sess.); *see* Minutes, Senate Committee on Commerce and Economic Development, S.B. 1197, February 3, 1993 (statements of Senators Greene and Wright);[8] Senate Fact Sheet, S.B. 1197, 41st Leg., 1st Reg. Sess. (Feb. 1, 1993);[9] Jennifer B. Wuamett, *RICO Litigation; Damages*, 26 Ariz. St. L.J. 293, 294–95 (1994). As enacted, A.R.S. § 13-2314.04 restricted both the scope of defendants potentially liable in a private RICO action, and the remedies available to the private RICO plaintiff. Senate Fact Sheet, S.B. 1197, 41st Leg., 1st Reg. Sess. (Feb. 1, 1993); Wuamett, *supra*, 26 Ariz. St. L.J. at 296–97. While the Legislature retained the constructive trust remedy in both the new private RICO statute and the amended statute governing RICO actions by the State, *compare* A.R.S. § 13-2314(F) (2010) *with* A.R.S. § 13-2314.04(D)(6), it only included the language of A.R.S. § 13-2314.04(L) in the private RICO statute—a step in accord with its intent to narrow the remedies available to private RICO plaintiffs. 1993 Ariz. Sess. Laws, ch. 257, §§ 2–3 (1st Reg. Sess.); Senate Fact Sheet, S.B. 1197, 41st Leg., 1st Reg. Sess. (Feb. 1, 1993); Wuamett, *supra*, 26 Ariz. St. L.J. at 306.

¶17        Consistent with this legislative history, A.R.S. § 13-2314.04(D)(6) and (L) serve distinct purposes and protect distinct classes of persons. Section 13-2314.04(D)(6) allows RICO plaintiffs to recover the proceeds of unlawful activity unless the proceeds are in the hands of a bona

---

[7]*See State v. Payne*, 223 Ariz. 555, 563 n.5, ¶ 25, 225 P.3d 1131, 1139 n.5 (App. 2009) ("Senate fact sheets" are "relevant legislative history . . . reflective, though not dispositive, of legislative intent." (citing *State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 449, ¶ 19, 88 P.3d 159, 163 (2004))).

[8]*Hernandez-Gomez v. Leonardo*, 185 Ariz. 509, 513, 917 P.2d 238, 242 (1996) ("[W]hen the sponsors of a bill and the very committees considering that bill tell Congress and the public what they intended to accomplish with a specific provision of that bill, such expressed intentions can be useful to clarify any ambiguity in the meaning of the enacted legislation.").

[9]*See Payne*, 223 Ariz. at 563 n.5, ¶ 25, 225 P.3d at 1139 n.5.

fide purchaser for value without notice of the unlawful activity, whereas A.R.S. § 13-2314.04(L) protects individuals who did not "authorize[], request[], command[], ratif[y] or recklessly tolerate[] the unlawful conduct" of another from the reach of private RICO plaintiffs. *Cf. Sonitrol of Maricopa Cty. v. City of Phoenix*, 181 Ariz. 413, 420, 891 P.2d 880, 887 (App. 1994) (two subsections of city code that both had the effect of exempting charges for out-of-state transmissions from taxable income were not "merely duplicative" because they served distinct functions). Section 13-2314.04(L) is substantially broader than the bona fide purchaser exception in A.R.S. § 13-2314.04(D)(6); A.R.S § 2314.04(L) protects even those with some knowledge of the unlawful activity of another, whereas A.R.S. § 13-2314.04(D)(6) protects only bona fide purchasers who are completely ignorant of the unlawful activity. Sections 13-2314.04(D)(6) and (L) are neither repugnant nor merely redundant; both can be applied to accomplish their distinct purposes without creating contradiction or disharmony. *See Midtown Med. Grp., Inc. v. State Farm Mut. Auto. Ins. Co.*, 220 Ariz. 341, 347, ¶ 22, 206 P.3d 790, 796 (App. 2008) ("When construing statutes, we seek to harmonize them.").

**¶18** Moreover, as discussed, A.R.S. § 13-2314.04(L) is clear on its face, and we cannot abandon its plain meaning to comply with an interpretative canon of statutory construction. *See Sonitrol*, 181 Ariz. at 420, 891 P.2d at 887 ("general principle that statutes should be construed to avoid rendering any portion meaningless or superfluous" not applicable when language of statute is clear on its face); *Bank Midwest, Minn., Iowa, N.A. v. Lipetzky*, 674 N.W.2d 176, 181 (Minn. 2004) (applying plain meaning of statute although acknowledging to do so resulted in redundancy).

**¶19** For all of these reasons, we agree with the Coles Defendants— A.R.S. § 13-2314.04(L) barred the Investors' request for a constructive trust on the life insurance proceeds.

II.    Attorneys' Fees

**¶20** The Investors argue the superior court should not have awarded the Coles Defendants attorneys' fees and costs pursuant to A.R.S. § 13-2314.04(A) because they did not bring a "racketeering claim" against them. According to the Investors, a "racketeering claim" only encompasses those claims against defendants alleged to have actually participated in an act of racketeering. Reviewing this question of law de novo, *see supra* ¶ 9, we disagree.

¶21 Section 13-2314.04(A) authorizes the superior court to award costs and reasonable attorneys' fees to "the person against whom a racketeering claim has been asserted," provided the person prevails. Section 13-2301(D)(4) (Supp. 2014) defines "[r]acketeering" as "any act . . . that is chargeable or indictable under the laws of the state or country in which the act occurred . . . that would be punishable by imprisonment for more than one year under the law of this state . . . and the act involves" any of the various enumerated offenses. A "claim" is defined as including "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional." Black's Law Dictionary (10th ed. 2014). Thus, to be entitled to attorneys' fees and costs under A.R.S. § 13-2314.04(A), a party must be "the person against whom" the plaintiff has asserted a right to payment or to an equitable remedy related to an act that meets the statutory definition of "racketeering."

¶22 The Investors' request for a constructive trust on the life insurance proceeds was a racketeering claim. A constructive trust "is a remedial device, used 'to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs.'" *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 409, ¶ 107, 276 P.3d 11, 43 (App. 2012) (quoting *Harmon v. Harmon*, 126 Ariz. 242, 244, 613 P.2d 1298, 1300 (App. 1980)). Thus, by asserting a right to a constructive trust on the life insurance proceeds, the Investors sought an equitable remedy against the Coles Defendants. Because their putative right to this remedy arose from racketeering activity, the Investors asserted a "racketeering claim" against the Coles Defendants.

¶23 Moreover, adopting the Investors' proposed construction would lead to the anomalous result of allowing prevailing defendants alleged to have actually participated in racketeering to recover their fees and costs while forcing prevailing defendants who were not involved in the alleged wrongdoing to bear their own fees and costs. *See Summers Grp., Inc. v. Tempe Mech., LLC*, 231 Ariz. 571, 574, ¶ 14, 299 P.3d 743, 746 (App. 2013) ("Statutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results.").

**CONCLUSION**

**¶24** For the foregoing reasons, we affirm the superior court's judgment in favor of the Coles Defendants. Pursuant to A.R.S. § 13-2314.04(A), we also award the Coles Defendants their taxable costs and reasonable attorneys' fees on appeal, contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama